UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARONIUS PRESS LTD,<br><br>                Plaintiff(s),<br>v.<br><br>FAITHLIFE CORPORATION,<br><br>                Defendant(s). | CASE NO. 2:22-cv-01635-TL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT |

Plaintiff Baronius Press LTD brings federal copyright infringement claims, as well as various state law tort and consumer protection claims, against Defendant Faithlife Corporation ("Faithlife"). Dkt. No. 13. Faithlife failed to file a responsive pleading or appear in this case by the response deadline, so default was entered by the Clerk. *See* Dkt. No. 22. This matter in now before the Court on Defendant's motion to set aside the entry of default[1] (Dkt. No. 24),

---

[1] Defendant filed this motion after Plaintiff applied for entry of default but at nearly the same time that default was entered by the Clerk. *See* Dkt. Nos. 17, 22, 24. Due to this timing, Defendant's motion was prepared as "Defendant Faithlife LLC's Response to Plaintiff's Application for Default and Motion and Proposed Order to Set Aside Default." Dkt. No. 24 at 1. Because default was entered, Defendant's opposition to the entry of default is moot, but the Court will address its motion to vacate the default.

ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT - 1

Plaintiff's Motion for Default Judgment (Dkt. No. 35), and Defendant's motion in response seeking to stay proceedings related to the motion for default judgment (Dkt. No. 37). Having reviewed the Parties' briefing, the relevant record, and governing law, the Court GRANTS Defendant's motion to set aside the default (Dkt, No. 24) and VACATES the entry of default against Defendant (Dkt. No. 22). The Court STRIKES the remaining motions as therefore moot.

### I. BACKGROUND

Plaintiff initially filed its Complaint against Defendant on November 15, 2022 (Dkt. No. 1), and then filed its First Amended Complaint ("FAC") as a matter of course on November 21, 2022 (Dkt. No. 13). Service of process was perfected on November 23, 2022. *See* Dkt. No. 16. Defendant's deadline to respond to the FAC was December 14, 2022. *See* Fed. R. Civ. P. 12(a)(1)(A); *see also* Fed. R. Civ. P. 15(a)(1)(3). Defendant never filed a response to the FAC. On December 15, 2022, Plaintiff applied for entry of default. Dkt. No. 17. The Clerk of the Court then entered default against Defendant on December 21, 2022, per Rule 55(a). Dkt. No. 22. That same day, Defendant filed the present motion to set aside the entry of default. Dkt. No. 24. Defendant also requests 60 days to respond to the FAC if the motion is granted. *Id.* at 7.

### II. LEGAL STANDARD

"As a general rule, default judgments are disfavored." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). Except in "extreme circumstances," a case should be decided on the merits rather than by default. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). "The Court's discretion is especially broad where it is entry of default rather than default judgment that is being set aside." *Bergman v. Moto*, No. C22-0161, 2022 WL 16574322, at *1 (W.D. Wash. Oct. 28, 2022) (citing *Mendoza v. Wright Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986)). *See also O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir.

1994) (same). While a Court "may set aside an entry of default for good cause" (Fed. R. Civ. P. 55(c)), the defendant bears the burden of showing that relief from default is warranted. *See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922 at 926 (9th Cir. 2004).

### III.  DISCUSSION

To grant Defendant's requested relief, the Court must determine that "good cause" exists by considering three factors: (1) the defendant's level of culpability in causing the default, (2) the existence of a meritorious defense, and (3) the prejudice to plaintiff. *E.g.*, *Mesle,* 615 F.3d at 1091. While these factors are disjunctive, the Court may deny the motion if "any one of these factors is true." *Id.* The Parties contest each factor, so the Court will review each one in turn.[2]

#### A.    Culpable Conduct

The Ninth Circuit has articulated the culpability standard in two ways. The first way states that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original) (quoting *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). In the second way, the Ninth Circuit does not use the word intentionally, but the intention of the defendant still appears to be relevant. *See Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (defendant found culpable

---

[2] As additional grounds for its requested relief, Defendant raises for the first time on Reply procedural defects in Plaintiff's responsive briefing opposing the motion to set aside default. Dkt. No. 31 at 1–2. Plaintiff then filed notice of intent to surreply (Dkt. No. 33) and its surreply brief (Dkt. No. 34) responding to Defendant's procedural arguments. Because the Court grants Defendant's requested relief on the merits, even considering Plaintiff's allegedly deficient opposition briefing, the Court need not (and does not) consider the Parties' arguments on these procedural issues. The Court reminds both Parties that it expects them to adhere to all relevant rules in this Court going forward, including the Federal Rules of Civil Procedure, the Local Rules for this District, and Judge Lin's chambers procedures.

1   for intentionally declining service). Overall, the Ninth Circuit has typically held that for the

2   purposes of the good cause factors, a defendant's conduct was culpable "where there is no

3   explanation of a default inconsistent with devious, deliberate, willful, or bad faith failure to

4   respond." *Mesle*, 615 F.3d at 1092.

5         Defendant asserts that its conduct was not culpable as it did not receive actual or

6   constructive notice of the filing of the action and intentionally fail to answer. Dkt. No. 24 at 4.

7   For support, Defendant provides a declaration from Vikram Rajagopal, Faithlife's current Chief

8   Executive Officer. Dkt. No. 25 ¶ 1. Mr. Rajagopal declares that upon investigation he determined

9   Faithlife's "registered corporate agent for service," National Registered Agents, received "the

10   Summons and Amended Complaint" on November 23, 2022, but he "was not aware of the

11   Complaint Documents, and the deadline to respond, until December 15, 2022." Dkt.

12   No. 25 ¶¶ 2–3. This is sufficient to establish that Defendant had actual notice of the action. *See*

13   Fed. R. Civ. P. 4(h) (allowing for a corporation to be personally served via an "agent

14   authorized . . . to receive service of process"); *see also In re Grand Jury Investigation*, 966 F.3d

15   991, 1000 (9th Cir. 2020) (quoting *Henderson v. United States*, 517 U.S. 654, 672 (1996) for the

16   proposition that "the core function of service is to supply notice of the pendency of a legal

17   action"). Thus, this factor turns on the intentionality of Defendant's failure to respond.

18         Despite admitting that Faithlife's registered agent received notice on November 23,

19   Defendant argues that Mr. Rajagopal's failure to act until December 15 was not sufficiently

20   willful, deliberate, or done in bad faith. Dkt. No. 24 at 4–5. The relevant facts show that National

21   Registered Agents sent the Complaint Documents to Faithlife's headquarters in Bellingham,

22   WA, addressed to former CEO Robert D. Pritchett (who no longer works at the Bellingham

23   office), where they were received on November 28, 2022. Dkt. No. 25 ¶ 4(a)–(c); Dkt.

24   No. 32 ¶ 2. Defendant claims that the documents remained in the mail room until approximately

1 December 13, 2022, when Mr. Rajagopal's assistant retrieved them; however, Mr. Rajagopal
2 apparently did not review the documents until December 15, 2022. *Id.* ¶¶ 3, 5. In his
3 supplemental declaration, Mr. Rajagopal admits that on November 23, 2022, National Registered
4 Agents also sent an email to the address they had on file for Mr. Pritchett, which carried the
5 subject line: "ATTENTION: CCEmail of SOP Process received in WASHINGTON
6 (OurTransmittal #542737471)" and included the "Service of Process Summary Transmittal
7 Form." Dkt. No. 32 ¶ 4. But the Complaint Documents were not attached to the email. *Id.* ¶¶ 5–6.
8 Mr. Rajagopal further admits that Mr. Pritchett relayed the email to him on November 23, 2022.
9 *Id* ¶ 4. But Mr. Rajagopal states that he was unaware of the filing deadline until he saw the
10 physical copy of the FAC on December 15, 2022, because the email contained no attachment and
11 did not have information under the "Appearance/Answer Date" line of the provided transmittal
12 form. *Id.* ¶ 7–9. *See also* Dkt. No. 32-1. However weak Mr. Rajagopal's reasons for the delay in
13 responding, nothing in the conduct of Defendant demands a finding of willfulness or bad faith.
14 *C.f. Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (applying the
15 "good faith" standard to set aside a final judgment under Rule 60(b)(1), yet finding no bad faith
16 conduct even though the judgment-party's counsel knew of the summary judgment motion
17 deadline and left the country without responding or obtaining an extension); *see also TCI Grp.*,
18 244 F.3d at 696 (explaining that the same factors apply under both Rule 60(b) and Rule 55(c)).
19     Also relevant to this Court's determination of culpability is Defendant's diligence upon
20 realizing its mistake. Within one week of Mr. Rajagopal reviewing the Complaint Documents,
21 Defendant engaged legal counsel to begin communicating with Plaintiff's counsel (Dkt.
22 No. 26 ¶¶ 2–6), began preparing a response to Plaintiff's motion for entry of default (*id.* ¶ 7),
23 noted appearance of counsel (Dkt. No. 21), and filed this motion. In fact, this motion to set aside
24 entry of default was filed on the same day that default was actually entered by the Clerk (*see*

ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT - 5

Dkt. No. 22). Thus, it is hard for the Court to see how Defendant could have possibly gained any advantage during this relatively slight delay. *See Mesle*, 615 F.3d at 1092 (*quoting TCI Grp.*, 244 F.3d at 697).

Considering all the facts presented, Defendant's conduct cannot be said to be devious, deliberate, willful, or in bad faith. Thus, no culpable conduct is found.[3]

**B.      Meritorious Defenses**

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. Defendant's burden on this factor is "not extraordinarily heavy." *Id.* (quoting *TCI Grp.*, 244 F.3d at 700).

Defendant raises potential defenses to each claim in its motion. Dkt. 24 at 6. Defendant also alleges facts that if proved would constitute a defense to Plaintiff's claims. *Id.* Defendant therefore meets its minimal burden on this factor.

**C.      Prejudice**

To be prejudicial, the harm of setting aside default must be more than simply delaying resolution of the case. *TCI Grp.*, 244 F.3d at 701. To constitute sufficient prejudice, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)). Merely "being forced to litigate on the merits" is not prejudicial. *Id.*

Plaintiff argues that any delay in judgment "would allow Defendant additional time to move and hide assets." Dkt. 27 at 12. Plaintiff bases this assertion on an assumption that public embarrassment from this lawsuit might likely cause Defendant to lose business from its

---

[3] However, the Court reminds both Parties again, but especially Defendant in this instance, that it expects them to adhere to all future filing deadlines and applicable procedural rules.

consumers, thus motivating a "sophisticated company" to use relevant laws to protect its assets. *Id.* Plaintiff fails to provide any concrete factual support to justify its concerns. They are nothing more than mere speculation and cannot support a finding of prejudice. If Plaintiff is successful in litigation, the Court will enter a judgment for whatever damages are appropriate under the facts of the case, regardless of Defendant's assets.

Further, the facts show that this dispute has been ongoing for several years, considering the Parties discussed settlement at least twice in 2019-2020. Dkt. No. 13-8. Defendant has indicated its intent to defend this dispute if a mutually agreeable settlement cannot be reached. *See* Dkt. No. 28-1 (indicating Defendant's intent to "to respond [to the motion for default before default was entered] or otherwise respond to the Complaint, and to discuss prospects for settlement"). Plaintiff has failed to show that the short delay between its moving for entry of default (one day after Defendant's response was due) and the filing of this Order has resulted in any tangible harm besides having to actually litigate its claims. The Court therefore concludes that setting aside the entry of default will not prejudice Plaintiff because the delay has not hindered Plaintiff's ability to pursue its claims, and the action is still in the early stages of litigation.

## IV.   CONCLUSION

Guided by the Court's strong preference for "deciding cases on the merits whenever possible," *Mesle*, 615 F.3d at 1091, the Court FINDS that each of the three "good cause" factors weigh in favor of vacating the entry of default. The Court therefore GRANTS Defendant's motion (Dkt. No. 24) and VACATES the entry of default (Dkt. No. 22).

Because entry of default is a prerequisite to default judgment, Fed. R. Civ. P. 55, Plaintiff's motion for default judgment (Dkt. No. 35) and Defendant's motion to stay

proceedings related to the motion for default judgment (Dkt. No. 37) are MOOT. The Court ORDERS the Clerk to STRIKE both motions from its hearing calendar.

Finally, Defendant fails to provide any justification for its request for additional time to respond to the FAC. Federal procedural rules dictate the amount of time a party has to respond to pleadings, which the Court notes has already been significantly expanded because of Defendant's procedural failures. Consequently, the Court DENIES Defendant's request for an additional 60 days to respond to the FAC. The Court ORDERS Defendant to file an appropriate response within **fourteen (14) days** of the date of this Order.[4]

Dated this 6th day of February 2023.

Tana Lin
United States District Judge

---

[4] Pursuant to Section II.G of Judge Lin's Standing Order in all Civil Cases, the Parties may stipulate to extending this deadline without having to seek the Court's leave.