UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARONIUS PRESS, LTD., an Isle of Man limited company,

Plaintiff,

v.

FAITHLIFE LLC, a Delaware limited liability company,

Defendants.

NO. 2:22-CV-01635-TL

**PLAINTIFF BARONIUS PRESS, LTD.'S SECOND AMENDED VERIFIED COMPLAINT FOR DAMAGES**

Plaintiff Baronius Press Ltd ("**Plaintiff**"), by and through its attorneys, hereby alleges upon knowledge and belief as to its own acts, and upon information and belief as to all other matters, for its Second Amended Verified Complaint ("**Complaint**") against Defendant Faithlife, LLC ("**Defendant**"), as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this lawsuit against Defendant for violations of inter alia the U.S. Copyright Act, 17 U.S.C. § 101 *et seq*. ("**Copyright Act**") and the Digital Millennium Copyright Act, 17 U.S.C. § 1202 *et seq*. ("**DMCA**"), and alleges two claims of Copyright Act violations concerning two (2) copyright-protected works, *Grundriss der katholischen Dogmatik*

SECOND AMENDED VERIFIED
COMPLAINT FOR DAMAGES - 1

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

("*Grundriss*") and the English translation *Fundamentals of Catholic Dogma* ("*Fundamentals*") in which Plaintiff either owns all copyright rights, or holds the exclusive rights to publish such work.

2.     Between years 2011-2013, Defendant infringed the copyrights in *Grundriss* and *Fundamentals*. As a result of such infringement by Defendant and after negotiations, Plaintiff and Defendant executed a "Mutual Release and Settlement Agreement" in 2015.

3.     Upon information and belief, from March to June 2019, Defendant with full knowledge that it would infringe Plaintiff's copyrights, unlawfully reproduced and distributed at least seventy-five copies of *Fundamentals* in which Defendant held neither copyright rights nor publication rights.

4.     Upon information and belief, Defendant knowingly, and with an intent to induce, enable, facilitate, or conceal its infringement, knowingly provided false copyright management information ("**CMI**") in at least seventy-five copies of *Fundamentals* that it reproduced and distributed.

5.     Due to Defendant's flagrant and willful copyright infringement, and lack of action by Defendant to remove its false and misleading posts on its online forums, Plaintiff is left with no choice but to file this lawsuit seeking (i) permanent injunctive relief; (ii) an accounting and award of Defendant's profits; (iii) statutory damages for each acts of copyright infringement; (iv) an award of statutory damages, for each DMCA violation; (v) an award of costs and attorneys' fees; and (vi) such other and further relief as the Court deems just and proper.

SECOND AMENDED VERIFIED
COMPLAINT FOR DAMAGES - 2

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## II. THE PARTIES

6.     Plaintiff Baronius Press Ltd ("**Plaintiff**") is a corporation organized under the laws of the Isle of Man, British Isles, and has a principal place of business at St. Mary's The Parade, Castletown, Isle of Man, IM9 1LG.

7.     Defendant Faithlife, LLC ("**Defendant**") is a limited liability company organized under the laws of the State of Delaware, doing business as "Faithlife", "Logos", "Verbum", "Lexham Press" and possibly other trade names with a principal place of business at 1313 Commercial St, Bellingham, WA 98225, and is doing business throughout the state of Washington, including in counties located within the Western District of Washington.

8.     After engaging in the acts as alleged in this Complaint, Plaintiff converted and merged all of its "*Faithlife*" legal entities[1] into one Delaware limited liability company, and it became the predecessor of interests for all the "Faithlife' legal entities that converted and merged into it, and is now liable for their acts.

## III. JURISDICTION AND VENUE

9.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*. and for violation of the DMCA, 17 U.S.C. § 1202 *et seq*.

10.     The complained of actions set out below took place in, among other places, the Western District of Washington, including at Defendant's place of business in Bellingham, Washington.

---

[1] Upon information and belief, Defendant's "*Faithlife*" legal entities that merged into the Delaware limited liability company include but are not limited to: (i) Logos Research Systems, Inc.; and (ii) Faithlife Corporation.

SECOND AMENDED VERIFIED
COMPLAINT FOR DAMAGES - 3

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

11.     This Court has subject matter jurisdiction under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., under Sections 1331 and 1338 of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367(a).  This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

12.     This Court has personal jurisdiction over Defendant because, among other things, Defendant is located and is transacting, doing and soliciting business in this State and judicial district, a substantial part of the relevant events occurred in this State and judicial district, including but not limited to, committing infringing acts in this State and judicial district, and caused and continues to cause harm to Plaintiff in this State and judicial district.

13.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1391(c), and/or § 1400(a) and (b) because a substantial part of the acts and omissions which is the subject of this Complaint occurred within the counties of the Western District of Washington.

## IV. COMMON ALLEGATIONS

**Plaintiff's Background**

14.     Plaintiff Baronius Press, Ltd. was established in 2002 and is a small publisher of traditional Catholic books and Bibles, with two full time personnel and generating revenues of approximately $1.5 million per year.  Plaintiff is well known in its industry for updating and republishing several titles that were previously out of print for many decades. Currently, Plaintiff has published over fifty (50+) titles. Over the past twenty years, Plaintiff has acquired all rights

SECOND AMENDED VERIFIED
COMPLAINT FOR DAMAGES - 4

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

in, or the exclusive right to publish, several literary works and English-language translations thereof.

**Defendant's Background**

15.     Upon information and belief, Defendant was originally founded in 1992 as Logos Research Systems, Inc. and known as Logos Bible Software. At such time, Defendant started as a provider of digital Bible technology for Evangelical Protestants, but now claims to be the largest developer of Christian study with its software technology being used in more than 210 countries in a dozen languages. Defendant began its *Verbum* branded Catholic division of Logos Bible Software in 2011. Defendant claims its "goal is not only to create the best Catholic study tools available, but to serve the Church by making Scripture and Tradition more accessible all over the globe."

16.     Upon information and belief, Defendant is a sophisticated and successful company with offices in three (3) US states and Mexico, with over 400 employees[2] and estimated revenues over $72 million per year.[3]

17.     Upon information and belief, Defendant runs, as part of Defendant's websites, online forums Faithlife Forums/Logos Forums at https://community.logos.com/forums/ and Book Suggestions for its Logos brand at https://suggestbooks.uservoice.com/ (collectively, "**Forums**"), where people can hold conversations in the form of posted messages.

18.     Upon information and belief, Defendant's Forums, as of June 07, 2019, reached the one million-post mark in the Forums, and over 250,000 users.

---

[2] *See* https://www.linkedin.com/company/faithlife (last visited December 30, 2022).
[3] *See* https://growjo.com/company/Faithlife (last visited December 30, 2022); and https://www.zoominfo.com/c/faithlife-corp/368797002 (last visited December 30, 2022).

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822



https://community.logos.com/forums/t/181881.aspx (last visited October 25, 2022).

19.    Upon information and belief, Defendant licenses from various copyright owners' rights to literary works, texts and other content for use in Defendant's software platform.

20.    Upon information and belief, Bob Pritchett was the President/CEO of Defendant between January 1992 and January 2022.

21.    Upon information and belief, Mr. Craig St. Clair was employed by Defendant as Verbum Product Manager between September 2017 and March 2020. A true and correct copy of Mr. Craig St. Clair's LinkedIn personal profile is attached and incorporated hereto as **Exhibit 1**.

22.    Upon information and belief, Mr. Craig St. Clair "*grew the Verbum line of business from $1.7 million to $2.2 million annually*". See **Exhibit 1**.

23.    Upon information and belief, Mr. Craig St. Clair "*guided sales and marketing efforts, including regular monthly promotions (B2C)*" and "*organized and led a conference team of four that put Verbum in front of 30,000 people and netting over $20,000 in sales annually.*" See **Exhibit 1**.

SECOND AMENDED VERIFIED
COMPLAINT FOR DAMAGES - 6

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

24.     Upon information and belief, Mr. Craig St. Clair "*developed and expanded the Verbum 8 standard line to 30+ products, including a software package created in collaboration with the Pontifical Biblical Institute in Rome.*" See **Exhibit 1**.

**Plaintiff's Copyright Rights as Exclusive Owner or Exclusive Licensee**

25.     Plaintiff is either the sole and exclusive owner of all copyright rights in and to the works listed in Table 1 below, or is the exclusive licensee of the exclusive right to publish the work or publish any English-language translation of the work.

| Table 1 | | | | | | |
|---|---|---|---|---|---|---|
| Title | | a) English-language Work b) *Original (foreign-language) underlying Work* | Author | Work is Copyright Protected | Plaintiff holds by License Exclusive Publication Rights | Plaintiff Owns All Copyright Rights |
| 1 | a) | *Fundamentals* of Catholic Dogma | Dr. Patrick Lynch | Yes | | Yes |
| | b) | Grundriss der katholischen Dogmatik | Ludwig Ott | Yes | Yes | |
| 2 | | The Knox Bible | Msgr. Ronald Knox. | Yes | Yes | |
| 3 | | Divine Intimacy | Father Gabriel of St. Mary Magdalen, O.C.D. | Yes | Yes | |

26.     The works listed in Paragraph 25's Table 1 above will hereinafter be collectively referenced to as the "**Works**".

27.     The Works are original works of authorship embodying copyrightable subject matter. As the owner of all rights under copyright in the Works, Plaintiff is entitled to all of the exclusive rights and remedies accorded by U.S. copyright law to a copyright owner.  Upon information and belief, the Works are not "United States works" as that clause is used in Section 411(a) of the Copyright Act, as they were first published in countries outside the U.S., were authored by nationals or domiciliaries of countries other than the U.S., and were not simultaneously published in the U.S. The United States is a signatory to the Berne Convention

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

and, in order to comply with Article 5(2) of the Berne Convention, the Copyright Act's registration requirement for "United States works" (Section 411(a)) does not apply to non-U.S. works.

### *Fundamentals* and *Grundriss* Works and Plaintiff's Acquired Copyrights In Them

28.     The German-language underlying work entitled *Grundriss der katholischen Dogmatik* ("*Grundriss*") was authored by Ludwig Ott (a national or domiciliary of Germany) and first published in Germany in 1952 by Verlag Herder & Co. A true and correct copies of the documents showing the history of the copyright timeline of *Grundriss* are attached and incorporated hereto as **Exhibit 2**.

29.     *Grundriss* is an original work of authorship fixed in a tangible medium of expression.

30.     Regina Ott, a sister of Ludwig Ott, become the sole heiress of his estate after Ludwig Ott passed away on August 25, 1985 and donated the estate of Ludwig Ott to Seminary of the diocese of Eichstätt ("**Seminary**") in Germany on October 7, 1985. *See* **Exhibit 2**.

31.     Upon information and belief, *Grundriss* was not published in the U.S. during the 30-day period following its first publication in Germany, was never in the public domain in Germany through expiration of the term of copyright protection in that country, but was in the public domain in the U.S. from 1952 (because it did not comply with formalities imposed at any time by U.S. law), until its copyright was restored on January 1, 1996 under the Uruguay Round Agreements Act (Public Law No.103-465, 108 Stat. 4809) ("**URAA**") to Seminary.

32.     In July 2004, Seminary granted exclusive controlling rights for *Grundriss* to *nova et vetera* ("**Nova**"). In November 2008, Seminary granted the rights to an English-language

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

edition of *Grundriss* ("***Grundriss English Edition***") to Nova for the remaining duration of the copyright. *See* **Exhibit 2**.

33.     In 2009, Plaintiff signed an agreement with Nova and obtained the exclusive right to reproduce, adapt, and distribute *Grundriss English Edition*.  *See* **Exhibit 2**.

34.     Plaintiff registered, on behalf of the copyright owner Seminary, the original German work *Grundriss* with the U.S. Copyright Office, and received U.S. Copyright Registration No. TX-6-484-646 dated February 21, 2014. *See* **Exhibit 2**.

35.     The record of the copyright registration for *Grundriss* is publicly available at U.S. Copyright Office website www.copyright.gov. *See* **Exhibit 2**.

36.     The English-language translation of *Grundriss* entitled *Fundamentals of Catholic Dogma* ("***Fundamentals***") was commissioned by Mercier Press, Ireland as work for hire to Dr. Patrick Lynch ("**Translator**"). Mercier Press paid a fee of 259.10 Irish pounds to the Translator and became an initial copyright holder of *Fundamentals*. A true and correct copies of the documents showing the history of the copyright timeline of *Fundamentals* are attached and incorporated hereto as **Exhibit 3**.

37.     *Fundamentals* was first published by Mercier Press in Ireland in 1955 and it was never in the public domain in Ireland through expiration of the term of copyright protection in Ireland.

38.     *Fundamentals* is an original work of authorship fixed in a tangible medium of expression.

39.     Upon information and belief, *Fundamentals* was not published in the U.S. during the 30-day period following its first publication in Ireland, but was in the public domain in the

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

U.S. from 1955 (because it did not comply with formalities imposed at any time by U.S. law). The copyright to *Fundamentals* was restored on January 1, 1996 under the URAA to its initial copyright holder Mercier Press.

40. In 2010, Plaintiff acquired from Mercier Press all copyright rights in and to *Fundamentals*. *See* **Exhibit 3**.

41. Plaintiff registered *Fundamentals* with the U.S. Copyright Office, and received U.S. Copyright Registration No. TX-6-484-647, which was issued on February 21, 2014. *See* **Exhibit 3**.

42. The record of the copyright registration for *Fundamentals* is publicly available at U.S. Copyright Office website www.copyright.gov. *See* **Exhibit 3**.

43. *Fundamentals* is known to have several historical, theological and substantial grammatical errors. Due to errors in the original English translation which undermined the reputation of *Fundamentals*, the exclusive license from Nova required Plaintiff to publish *Fundamentals* only after it had been revised, corrected and approved by Nova. *See* **Exhibit 2**.

44. In April 2018, Plaintiff published its new fully revised and updated edition of *Fundamentals*.

**Defendant's Prior Unlawful Activities Involving *Fundamentals* and *Grundriss* Works**

45. Upon information and belief, between years 2011-2013, Defendant infringed the copyright of *Fundamentals* by selling approximately 1600 copies of *Fundamentals*.

46. In 2013, Plaintiff contacted the Defendant regarding the alleged infringement.

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

47.    After long negotiations, Plaintiff and Defendant executed a "Mutual Release and Settlement Agreement" on January 29, 2015. The "Mutual Release and Settlement Agreement" was executed by Defendant's Chief Executive Officer.

48.    Prior to and after executing the parties' "Mutual Release and Settlement Agreement," Defendant was fully aware of Plaintiff's ownership of the copyrights in *Fundamentals* and *Grundriss English Edition* through its actual and constructive knowledge of Plaintiff's copyright rights, and that it was not authorized by Plaintiff to reproduce, adapt or distribute copies of *Fundamentals* and *Grundriss English Edition*.

**Defendant's New Unlawful Activities on *Fundamentals* and *Grundriss* Works**

49.    Defendant began publishing *Fundamentals* again on or around March 24, 2019. This was announced in a post by a user on Defendant's online Forums stating *"[Fundamentals is] now available for $12.49 USD*." Printout of Defendant's Forums "Ludwig Ott's *Fundamentals* of Catholic Dogma is Back!" is attached and incorporated hereto as **Exhibit 4**.



**Exhibit 3:** https://community.logos.com/forums/t/180933.aspx (last visited October 25, 2022).

50.    Subsequently, Defendant made a post on the same online Forum that *Fundamentals* was withdrawn from sale, and an acknowledgement that Defendant did not have the right to publish *Fundamentals*, *i.e.*, "*Sorry to be the bearer of bad news, but this was inadvertently turned to live as part of another Logos project. Verbum still doesn't have the rights to product this, but we are going to revisit the rights situation with both the German publisher (Herder) and a newer U.S. publisher (Baronius) to see if we can get this licensed.*".

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822



**Exhibit 4:** https://community.logos.com/forums/t/180933.aspx (last visited October 25, 2022).

51.     The following morning on April 25, 2019, Defendant made a new post stating that "*Upon further review and discussion on the product team, this text [Fundamentals] can be made available for sale. Whenever there is a doubt about the rights of a given title, we will always pull it from Verbum.com [i.e., Defendant's website] until we can get clarity.  I'm just happy to report that we got clarity on this title MUCH more quickly than we usually do.*"



**Exhibit 4:** https://community.logos.com/forums/t/180933.aspx (last visited October 25, 2022).

52.     Defendant did not reveal to the public on its online Forums the reason why it "*got clarity on this title MUCH more quickly than we usually do*".

53.     Users of Defendant's online Forums applauded the decision of Defendant in their posts, *i.e.*, "*Very sensible—with excellent results in this case.*" and "*Yes! Thank You! I have wanted this in Verbum for years!*".

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822



**Exhibit 4:** https://community.logos.com/forums/t/180933.aspx (last visited October 25, 2022).

54.    On May 10, 2019, Plaintiff made a press release announcing that it had come to an out of court settlement with St. Benedict Press, owner of the TAN Books imprint, for a litigation which included *Fundamentals*. This press release was covered by various Catholic media news servers, blogs, etc. A sample of the press release and coverage is attached and incorporated hereto as **Exhibit 5**.

55.    Upon information and belief, Defendant stopped reproducing and distributing, *Fundamentals* on or around June 26, 2019. Defendant posted the explanation of its decision on its online Forums, stating that they "*learned more recently--and definitively--that the book has a new copyright holder*."



**Exhibit 4:** https://community.logos.com/forums/t/180933.aspx (last visited October 25, 2022).

SECOND AMENDED VERIFIED
COMPLAINT FOR DAMAGES - 13

56. In the same post of June 26, 2019, Defendant claimed it was *"attempting to work with [the new copyright holder] to license the book."*.

57. Defendant never mentioned the name of this "new copyright holder" on its online Forums.

58. Defendant's statement that it was *"attempting to work with [the new copyright holder] to license the book"* caused some members of its Forums to believe that Defendant was indeed in the process of obtaining a permission to reproduce and distribute *Fundamentals*.



**Exhibit 4:** https://community.logos.com/forums/t/180933.aspx (last visited October 25, 2022).

59. Plaintiff did not receive any correspondence from Defendant to license or sell its rights to *Grundriss English Edition* or *Fundamentals* after the settlement of Defendant's previous infringement in January 2015.

60. Plaintiff first discovered Defendant's second round of copyright infringement of Plaintiff's copyrights on December 11, 2019.

61. After verifying Defendant's new and repeated acts of copyright infringement, Plaintiff first notified Defendant of its infringement on December 20, 2019.

62. In its email response to Plaintiff dated December 21, 2019, Defendant admitted that *Fundamentals* had been made available for sale via its website. Copy of the correspondence is attached and incorporated hereto as **Exhibit 6.**

63. Plaintiff and Defendant arranged for a conference call on January 13, 2019 at 9.00 a.m. to discuss Defendant's unlawful reproduction and distribution of *Fundamentals*.

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

64.     Upon information and belief, on January 13, 2020 at 8.06 a.m., shortly before the scheduled call, Defendant posted on its online Forums a statement purporting that Defendant was still in negotiations for the rights to reproduce and distribute *Fundamentals*, *i.e.*, "*I'll have an update soon. Stay tuned* …."



**Exhibit 4:** https://community.logos.com/forums/t/180933.aspx (last visited October 25, 2022).

65.     In an email to Plaintiff dated April 15, 2020, Defendant admitted that it *"… distributed Fundamentals of Catholic Dogma electronically last year.*" and that *"… we made this mistake after having made it previously in 2013"*. Copy of the email correspondence is attached and incorporated hereto as **Exhibit 7.**

66.     In an email to Plaintiff dated May 6, 2020, Defendant stated that it "*made almost zero mistakes on intellectual property rights (other than with you)*" By this statement, Defendant admitted that it had infringed copyright(s) on at least one other occasion other than with Plaintiff. *See* **Exhibit 7.**

67.     Upon information and belief, Defendant claims that it consulted Stanford's Copyright Renewal Database to check the copyright status of *Fundamentals*.

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

68.     Stanford's Copyright Renewal Database contains only records of Copyright Renewals and not original registrations.[4]

69.     Defendant has obtained copyright registrations to several of its titles with the US Copyright Office.[5]

70.     In its email of April 15, 2020, Defendant claimed that its "*team members made a good faith effort to determine the copyright status and ensure the title was in the public domain, using what they thought was a complete and correct process". See* **Exhibit 7**.

71.     Defendant published many titles that are in the public domain and for those public domain titles, Defendant used CMI in form of "Copyright: Public Domain". A true and correct copy of Defendant's CMI pages for some of its public domain titles is attached and incorporated hereto as **Exhibit 8**.

72.     Defendant did not provide *Fundamentals* with CMI stating "Copyright: Public Domain."

73.     Defendant provided *Fundamentals* with false CMI in the form of "Copyright: 1957 B. Herder Book Company". A side-by-side comparison of Plaintiff's CMI and Defendant's CMI is attached and incorporated hereto as **Exhibit 9**.

74.     Defendant provided *Fundamentals* with false CMI intentionally and purposefully.

---

[4] "Stanford's Copyright Renewal Database is a searchable index of the copyright renewal records for books published in the US between 1923 and 1963. Note that the database includes only renewal records, not original registrations, and only Class A (book) renewals received by the US Copyright Office between 1950 and 1992." (Source: https://exhibits.stanford.edu/copyrightrenewals, last visited April 10, 2023).

[5] https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?Search_Arg=faithlife&Search_Code=FT*&PID=B7OtlO7Ik84KLsxumVLFRTrLTtPi&SEQ=20230226154300&CNT=25&HIST=1 (last visited April 10, 2023).  Such copyright registrations included Copyright Nos: TX0008564431, TX0008385416, TX0008058095, TX0007891023

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

75.     Such false CMI allowed Defendant to facilitate and conceal its acts of copyright infringement and conceal the true copyright holders.

76.     Defendant purposefully concealed its infringement from public on its online Forums by using term "new copyrightholder" instead of clearly stating that Plaintiff was the copyright holder.

77.     Defendant has caused irreparable damage to Plaintiff, the holder of copyright rights in *Grundriss* and *Fundamentals* by reproducing and distributing *Fundamentals* with false CMI.

78.     Such false CMI, whether viewed by an individual, in a family circle, school classes, religious courses, monastery, convent etc., led readers to believe that Defendant had the right or authorization to reproduce and distribute the outdated, unauthorized and erroneous edition of *Grundriss English Edition* and *Fundamentals*.

79.     Upon information and belief, Defendant has reproduced and distributed at least 75 copies of *Grundriss English Edition* and *Fundamentals with false CMI.*

80.     Upon information and belief, Defendant derived and/or derives revenue or other benefits from its distribution of *Grundriss English Edition* and *Fundamentals,* thus profiting from the unauthorized exploitation of Plaintiff's rights at the expense of Plaintiff and the public.

81.     After Defendant had stopped reproducing and distributing *Grundriss English Edition* and *Fundamentals* on or around June 26, 2019, and published a post stating that it "*learned more recently--and definitively--that the book has a new copyright holder.*", Defendant never contacted Plaintiff regarding its acts of copyright infringement and did not make any attempts to apologize or remedy its serial unlawful conduct.

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

82.     Upon information and belief, Defendant made purposeful false statements on its online Forums to reinforce the false impression that Defendant was in negotiations to acquire rights to reproduce and distribute *Fundamentals* and Defendant continues to display the posts as of the filing of this Complaint.

**Other Works of Plaintiff – *Knox Bible* and *Divine Intimacy***

83.     Upon information and belief, on Defendant's online Forums, there are at least five threads regarding the *Knox Bible* and *Divine Intimacy*. A true and correct printouts of Defendant's online Forums from Table 2 are attached and incorporated hereto as **Exhibits Nos. 10** to **14.**

| Table 2 | | |
|---|---|---|
| **Title Page** | **URL** | **Exhibit No.** |
| Knox Bible please! | https://community.logos.com/forums/t/97884.aspx | **Exhibit 10** |
| Book Suggestion: Knox Bible | https://community.logos.com/forums/t/181544.aspx | **Exhibit 11** |
| The Knox Bible – Book Suggestions for Logos | https://suggestbooks.uservoice.com/forums/308269-book-suggestions/suggestions/10852821-the-knox-bible | **Exhibit 12** |
| Suggestion: Catholic Bibles | https://community.logos.com/forums/p/185648/1071879.aspx | **Exhibit 13** |
| Divine Intimacy – Book Suggestions for Logos | https://suggestbooks.uservoice.com/forums/308269-book-suggestions/suggestions/11225271-divine-intimacy | **Exhibit 14** |

84.     Upon information and belief, Defendant made several posts in their online Forums regarding the *Knox Bible*, e.g., "*I'm working on it. Lots of Verbum irons in the fire with publishers right now*", "*This book has been requested with the publisher*", "*Licensing conversations are in progress for the Knox Bible with Baronius.*", "*We're trying on the Knox Bible. The rightsholder has been non-responsive to us thus far.*" and "*Just a quick update on*

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

*the Knox Bible. The publisher has yet to respond to several attempts to license. We'll keep trying, but I just wanted to provide a quick update.".* See **Exhibits Nos. 10-13**

85. Defendant acknowledged and named Baronius *i.e.,* Plaintiff as the copyright holder of *Knox Bible*.

86. Upon information and belief, Defendant' Online Forum "Divine Intimacy – Book Suggestions for Logos" contains a link to Plaintiff's website as the publisher of *Divine Intimacy*. *See* **Exhibit 14**.

87. Upon information and belief, Defendant made a post in its Online Forum subject matter "Divine Intimacy – Book Suggestions for Logos" stating "*This book has been requested with the publisher.*" The publisher referred to in Defendant's statement was Baronius Press *i.e.* Plaintiff. *See* **Exhibit 14**.

88. Plaintiff never received any correspondence from Defendant to license or sell its rights for the *Knox Bible* or *Divine Intimacy*.

89. Upon information and belief, these false and misleading published statements on Defendant's online Forums caused, and continue to cause, the public, consumers, clients and prospective clients to believe, mistakenly, that Plaintiff has been and continues to be in negotiations with Defendant to grant its rights to *Knox Bible* or *Divine Intimacy* to Defendant and also being non-responsive to Defendant's requests.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER FEDERAL LAW**
**(17 U.S.C. § 101 *et seq.*)**

**Title – *Grundriss der katholischen Dogmatik***

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

90.     The allegations of all foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

91.     *Grundriss der katholischen Dogmatik* ("**Grundriss**") is original work of authorship subject to the full protection of the U.S. copyright laws.

92.     Plaintiff is, and has been since 2009, the exclusive licensee of the rights to reproduce, adapt and distribute an English-language edition of the German-language original work *Grundriss* ("**Grundriss English Edition**").

93.     Defendant does not own, has never owned, and has never otherwise held any valid rights to *Grundriss English Edition*.

94.     On January 29, 2015, Defendant executed a "Mutual Release and Settlement Agreement" with Plaintiff to settle and resolve its acts of copyright infringement related to its unlawful acts of reproducing and distributing *Grundriss English Edition*.

95.     During all material times, Defendant had constructive and actual knowledge that Plaintiff is the copyright holder of *Grundriss English Edition*.

96.     Without Plaintiff's authorization, Defendant willfully, intentionally and purposefully reproduced and distributed *Grundriss English Edition*, and/or a substantially similar reproduction thereof, in the U.S. in electronic/digital format through Logos and/or Verbum software platforms, and other means that are currently unknown to Plaintiff, in violation of Section 501 of the Copyright Act.

97.     Defendant attempted to conceal its aforementioned acts of copyright infringement by providing *Grundriss English Edition* with false CMI, by publishing statements that it is negotiating with the copyright holder to obtain a permission to reproduce and distribute

SECOND AMENDED VERIFIED
COMPLAINT FOR DAMAGES - 20

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

*Grundriss English Edition*, and other acts of concealment as alleged in this Complaint, as well as other acts of concealment not currently known by Plaintiff.

98.     The aforementioned infringement that has been induced, enabled, facilitated, or concealed under the statute is, at a minimum, an infringement of Plaintiff's exclusive right under the preamble to 17 U.S.C. 106 to authorize (or set the terms for) the reproduction and distribution of copies of works it owns, as well as Plaintiff's exclusive right under 17 U.S.C. 106(3) to "distribute copies … of the copyrighted work to the public by sale or other transfer of ownership."

99.     Defendant's aforesaid acts of infringement were committed willfully in reckless disregard of the rights of Plaintiff.

100.   Upon information and belief, Defendant has received and/or continues to receive revenue and profits arising out of the unauthorized use and exploitation of *Grundriss English Edition* to which Defendant is not entitled and, as a direct and proximate result of Defendant's acts of copyright infringement, Plaintiff has sustained and will sustain monetary damage, loss, and injury.

101.   As a result of Defendant's acts of infringement alleged herein and in accordance with Section 504(b) of the Copyright Act, Plaintiff is entitled to recover from Defendant the damages Plaintiff has sustained and will sustain, and any profits obtained by Defendant as a result of or attributable to the infringement or statutory damages, as elected by Plaintiff. Plaintiff's investigation of the extent of its losses and damages is ongoing as of this filing of this Complaint. At present, the amount of such damages and profits cannot be fully ascertained by Plaintiff.

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

102.   Plaintiff is also entitled to injunctive relief against Defendant to prohibit it from continuing in the aforementioned acts of copyright infringement and related conduct, the parameters of which to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER FEDERAL LAW**
**(17 U.S.C. § 101 *et seq.*)**

**Title – *Fundamentals of Catholic Dogma***

103.   The allegations of all foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

104.   *Fundamentals of Catholic Dogma* ("***Fundamentals***") is an original work of authorship subject to the full protection of the U.S. copyright laws.

105.   Plaintiff is, and has been since 2010, the sole and exclusive owner of all copyright rights in and to the English-language work *Fundamentals*.

106.   Defendant does not own, has never owned, and has never otherwise held any valid copyright rights to reproduce, adapt and distribute *Fundamentals*.

107.   On January 29, 2015, Defendant executed a "Mutual Release and Settlement Agreement" with Plaintiff to settle and resolve its acts of copyright infringement related to its unlawful acts of reproducing and distributing *Fundamentals*.

108.   During all material times, Defendant had constructive and actual knowledge that Plaintiff is the copyright holder of *Fundamentals*.

109.   Without Plaintiff's authorization, Defendant willfully, intentionally and purposefully reproduced and distributed *Fundamentals*, and/or a substantially similar reproduction thereof, in the U.S. in electronic/digital format through Defendant's Logos and/or

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Verbum software platforms and other means that are currently unknown to Plaintiff, in violation of Section 501 of the Copyright Act.

110. Defendant attempted to conceal its aforementioned acts of copyright infringement by providing *Fundamentals* with false CMI, by publishing statements that it is negotiating with the copyright holder to obtain a permission to reproduce and distribute *Fundamentals*, and other acts of concealment as alleged in this Complaint, as well as other acts of concealment not currently known by Plaintiff.

111. The aforementioned infringement that has been induced, enabled, facilitated, or concealed under the statute is, at a minimum, an infringement of Plaintiff's exclusive right under the preamble to 17 U.S.C. 106 to authorize (or set the terms for) the reproduction and distribution of copies of works it owns, as well as Plaintiff's exclusive right under 17 U.S.C. 106(3) to "distribute copies … of the copyrighted work to the public by sale or other transfer of ownership."

112. Defendant's aforesaid acts of infringement were committed willfully in reckless disregard of the rights of Plaintiff.

113. Upon information and belief, Defendant has received and/or continues to receive revenue and profits arising out of the unauthorized use and exploitation of *Fundamentals* to which Defendant is not entitled and, as a direct and proximate result of Defendant's acts of copyright infringement, Plaintiff has sustained and will sustain monetary damage, loss, and injury.

114. As a result of Defendant's acts of infringement alleged herein and in accordance with Section 504(b) of the Copyright Act, Plaintiff is entitled to recover from Defendant the

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

damages Plaintiff has sustained and will sustain, and any profits obtained by Defendant as a result of or attributable to the infringement or statutory damages, as elected by Plaintiff. Plaintiff's investigation of the extent of its losses and damages is ongoing as of this filing of this Complaint. At present, the amount of such damages and profits cannot be fully ascertained by Plaintiff.

115.   Plaintiff is also entitled to injunctive relief against Defendant to prohibit it from continuing in the aforementioned acts of copyright infringement and related conduct, the parameters of which to be determined at trial.

### THIRD CLAIM FOR RELIEF
### DIGITAL MILLENNIUM COPYRIGHT ACT
### (17 U.S.C. § 1202 *et seq.*)

**Title – *Grundriss der katholischen Dogmatik***

116.   Plaintiff repeats and realleges all the allegations contained in the preceding paragraphs as if the same were set forth at length herein.

117.   *Grundriss der katholischen Dogmatik* ("*Grundriss*") is original work of authorship subject to the full protection of the U.S. copyright laws.

118.   Plaintiff is, and has been since 2009, the exclusive licensee of the rights to reproduce, adapt and distribute an English-language edition of the German-language original work *Grundriss* ("*Grundriss English Edition*").

119.   Plaintiff has ownership interests in *Grundriss English Edition* and has developed a reputation and valuable goodwill associated with *Grundriss English Edition*.

120.   The *Grundriss English Edition* published by Plaintiff contains CMI such as the title(s) and other information identifying the work(s); the name(s) of, and other identifying

SECOND AMENDED VERIFIED
COMPLAINT FOR DAMAGES - 24

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

information about the author(s) of the work(s); the name(s) of, and other identifying information about the copyright owner(s) of the work(s); and/or the terms and conditions for use of the work(s).

121.   Defendant provided *Grundriss English Edition* with CMI that was false.

122.   Defendant reproduced and distributed copies of *Grundriss English Edition* that contained false CMI, knowing that such CMI was false. A side-by-side comparison of Plaintiff's CMI and Defendant's CMI for *Grundriss English Edition* is attached and incorporated hereto as **Exhibit 9**.

123.   The false CMI in Defendant's copies of *Grundriss English Edition* enabled Defendant to facilitate and conceal its willful acts of copyright infringement and to conceal the true copyright holder(s) of *Grundriss*.

124.   Defendant purposefully concealed its acts of willful copyright infringement from the public on its online Forums by using the term "new copyrightholder" instead of clearly stating that Plaintiff was the copyright holder of *Grundriss English Edition*.

125.   Defendant has violated 17 U.S.C. § 1202 numerous times, by distributing infringing copies of *Grundriss English Edition* with false CMI.

126.   The conduct of Defendant was intentional and purposeful at a minimum as Defendant had constructive and actual knowledge of the true copyright holder of *Grundriss English Edition*.

127.   Defendant has realized a profit by virtue of its violations of 17 U.S.C. § 1202.

128.   Plaintiff has sustained actual damages as a result of Defendant and its aforementioned violation of 17 U.S.C. § 1202 in an amount to be proven at trial, but arising

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

from reputation damage, legal fees, diminished market value of *Grundriss English Edition*, and loss of control of ownership of *Grundriss English Edition*.

129. Defendant's violations of 17 U.S.C. § 1202 entitle Plaintiff to recover, among other things, and if it so elects as provided in 17 U.S.C. § 1203(c)(3)(B), "an award of statutory damages for each violation of Section 1202 in the sum of not less than $2,500 or more than $25,000."

130. Plaintiff will request from Defendant the number of copies of *Grundriss English Edition* that Defendant reproduced and distributed with false CMI.

131. Upon verification by Plaintiff and this Court of such actual number, Plaintiff will be entitled to recover statutory damages against Defendant of between $2,500 up to $25,000 for each copy of the *Grundriss English Edition* that Defendant distributed in violation of 17 U.S.C. § 1202.

132. Plaintiff is also entitled to injunctive relief against Defendant to prohibit it from continuing in the aforementioned unlawful conduct, the parameters of which to be determined at trial.

**FOURTH CLAIM FOR RELIEF**

**DIGITAL MILLENNIUM COPYRIGHT ACT**

**(17 U.S.C. § 1202 *et seq.*)**

**Title – *Fundamentals of Catholic Dogma***

133. Plaintiff repeats and realleges all the allegations contained in the preceding paragraphs as if the same were set forth at length herein.

134. *Fundamentals of Catholic Dogma* ("***Fundamentals***") is an original work of authorship subject to the full protection of the U.S. copyright laws.

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

135.   Plaintiff is, and has been since 2010, the sole and exclusive owner of all copyright rights in and to the English-language work *Fundamentals*.

136.   Plaintiff has ownership interests in *Fundamentals* and has developed a reputation and valuable goodwill associated with *Fundamentals*.

137.   *Fundamentals* published by Plaintiff contains CMI such as the title(s) and other information identifying the work(s); the name(s) of, and other identifying information about the author(s) of the work(s); the name(s) of, and other identifying information about the copyright owner(s) of the work(s); and/or the terms and conditions for use of the work(s).

138.   Defendant provided *Fundamentals* with CMI that was false.

139.   Defendant reproduced and distributed copies of *Fundamentals* that contained false CMI, knowing that such CMI was false. A side-by-side comparison of Plaintiff's CMI and Defendant's CMI for *Fundamentals* is attached and incorporated hereto as **Exhibit 9**.

140.   The false CMI in Defendant's copies of *Fundamentals* enabled Defendant to facilitate and conceal its willful acts of copyright infringement and to conceal the true copyright holder(s) of *Fundamentals*.

141.   Defendant purposefully concealed its acts of willful copyright infringement from the public on its online Forums by using the term "new copyrightholder" instead of clearly stating that Plaintiff was the copyright holder of *Fundamentals*.

142.   Defendant has violated 17 U.S.C. § 1202 numerous times, by distributing infringing copies of *Fundamentals* with false CMI.

143.   The conduct of Defendant was intentional and purposeful at a minimum as Defendant had constructive and actual knowledge of the true copyright holder of *Fundamentals*.

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

144. Defendant has realized a profit by virtue of its violations of 17 U.S.C. § 1202.

145. Plaintiff has sustained actual damages as a result of Defendant and its aforementioned violation of 17 U.S.C. § 1202 in an amount to be proven at trial, but arising from reputation damage, legal fees, diminished market value of *Fundamentals*, and loss of control of ownership of *Fundamentals*.

146. Defendant's violations of 17 U.S.C. § 1202 entitle Plaintiff to recover, among other things, and if it so elects as provided in 17 U.S.C. § 1203(c)(3)(B), "an award of statutory damages for each violation of Section 1202 in the sum of not less than $2,500 or more than $25,000."

147. Plaintiff will request from Defendant the number of copies of *Fundamentals* that Defendant reproduced and distributed with false CMI.

148. Upon verification by Plaintiff and this Court of such actual number, Plaintiff will be entitled to recover statutory damages against Defendant of between $2,500 up to $25,000 for each copy of *Fundamentals* that Defendant distributed in violation of 17 U.S.C. § 1202.

149. Plaintiff is also entitled to injunctive relief against Defendant to prohibit it from continuing in the aforementioned unlawful conduct, the parameters of which to be determined at trial.

## PRAYER FOR RELIEF; JURY DEMAND

WHEREFORE, for the reasons set forth above, the Plaintiff respectfully prays that the Court enters judgment against Defendant as follows:

1. That Plaintiff recover from Defendant and is awarded, under 17 U.S.C. §§ 504(b), 504(c), 1203(b)(3), 1203(c)(1), 1203(c)(2), and/or 1203(c)(3) and other applicable law,

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

statutory, and other applicable damages, including damages, that are available to Plaintiff, and are related to Defendant's willful acts of copyright infringement, and distribution of copies of *Grundriss English Edition* and *Fundamentals* with false CMI and/or other copyright-related misconduct alleged herein, in amounts to be determined at trial;

2. That Plaintiff is awarded, under 17 U.S.C. §§ 505, 1203(b)(4), and/or 1203(b)(5) and/or other applicable law, costs and disbursements of this action, including Plaintiff's reasonable attorneys' fees and expenses in this action that are available to Plaintiff, and are related to Defendant's acts of copyright infringement and distribution of *Grundriss English Edition* and *Fundamentals* with false CMI and other copyright-related misconduct alleged herein, in amounts to be determined at trial;

3. Injunctive relief in a form of an order:

    a. Compelling the Defendant to secure the immediate removal of false statements and other false content about Plaintiff on its websites, blogs and social media;

    b. Compelling the Defendant to make all reasonable efforts to remove any and all caches of any content Defendant published about the Plaintiff that may be found on any search engines and cooperate with Plaintiff's efforts to do so;

    c. Enjoining the Defendant from posting false and defamatory statements about the Plaintiff

4. That Plaintiff is awarded pre-judgment and post-judgment interest on each and every damage award as allowed by Federal law;

5. That an order be issued permanently enjoining Defendant and its officers, directors, owners, parents, partners, affiliates, employees, agents, servants, attorneys,

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, and any and all persons acting for, with, by, through, or under any of them, from the following:

    a.  engaging in the misconduct referenced in this Complaint;

    b.  imitating, copying, or making unauthorized use of Plaintiff's Works, or content thereof;

    c.  importing, exporting, manufacturing, printing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product that is or includes any copy, simulation, reproduction, counterfeit, or colorable imitation of Plaintiff's Works, or content thereof;

    d.  making any false representations or false descriptions of fact concerning or relating to Plaintiff, or Plaintiff's Works, or content thereof;

    e.  performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed, advertised, or sold by Defendant is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved, or otherwise authorized by Plaintiff; and

    f.  further infringing the rights of Plaintiff in and to any of its intellectual property or otherwise damaging Plaintiff's goodwill or business reputation;

    6.    That Defendant be ordered to account for and disgorge any and all profits that are attributable to Defendant's wrongful conduct, and that Plaintiff be awarded statutory damages for Defendant's willful, intentional and purposeful conduct;

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

7.     That a constructive trust be imposed on all of Defendant's funds and assets that arise out of its wrongful conduct;

8.     That Defendant be ordered to deliver to Plaintiff's counsel, for destruction at Defendant's costs, all products, packaging, promotional material, advertising material, catalogs and any other items that bear, contain, or incorporate Plaintiff's Works, Licensed Works, and/or any copy, simulation, reproduction, counterfeit, or colorable imitation thereof;

9.     That Defendant be ordered to file with this Court and serve upon Plaintiff's counsel, within thirty (30) days after service of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which Defendant has complied with the judgment;

10.    For trial by jury on all issues; and

11.    That Plaintiff receives such other and further relief as to the Court may seem just and proper.


Dated:  April 10, 2023                    GORDON REES SCULLY MANSUKHANI, LLP


By:  */s/ William M. Hughbanks*
     William M. Hughbanks WSBA # 45562
     Meredith L. Thielbahr WSBA #41746
     Attorneys for Plaintiff Baronius Press, Ltd
     Gordon Rees Scully Mansukhani, LLP
     701 5th Avenue, Suite 2100
     Seattle, WA 98104
     Phone: (206) 695-5100
     Fax: (206) 689-2822
     Email:     whughbanks@grsm.com
                mishman@grsm.com
                mthielbahr@grsm.com

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nicholas F. Lenning, WSBA #54740
Ashley E.M. Gammell, WSBA #50123
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623-7580
Fax: (206) 623-7022
Email:
nicholas.lenning@klgates.com
ashley.gammell@klgates.com

Attorneys for Defendant Faithlife LLC

By: */s/ William M. Hughbanks*
    William M. Hughbanks WSBA # 45562

SECOND AMENDED VERIFIED
COMPLAINT FOR DAMAGES - 32

1213044/72592528v1

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822