HONORABLE TANA LIN
NOTE DATE: JUNE 5, 2023

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

BARONIUS PRESS, LTD., an Isle of Man limited company,

    Plaintiff,

v.

FAITHLIFE, LLC, a Delaware limited liability company,

    Defendants.

NO. 2:22-cv-01635-TL

**SUPPLEMENTAL JOINT STATUS REPORT ON WHETHER TO CONDUCT DISCOVERY IN PHASES**

Pursuant to Judge Tana Lin's Minute Order (Dkt. No. 56), Plaintiff Baronius Press, Ltd. ("**Plaintiff**") and Defendant Faithlife, LLC ("**Defendant**") (collectively, the "**Parties**") hereby submit this Supplemental Joint Status Report on whether to conduct discovery in phases.

Each of the Parties' position on the issue of phased discovery in light of Plaintiff's Second Amended Verified Complaint and Defendant's Motion to Dismiss are as follows:

    1.    <u>Plaintiff's Position on Phased Discovery</u>.  Plaintiff proposes a non-phased discovery plan.  In Plaintiff's Second Amended Verified Complaint ("**SAVC**"), it alleges willful copyright infringement and related Digital Millennium Copyright Act ("**DMCA**") violations as a result of Defendant's second acts of infringing Plaintiff's copyrights. Plaintiff's lawsuit alleges two separate claims of copyright infringement under the Copyright Act (17 U.S.C. § 101 et seq.), the first concerning *Grundriss der katholischen Dogmatik* ("*Grundriss*"), U.S. Copyright

SUPPLEMENTAL JOINT STATUS REPORT ON WHETHER TO CONDUCT DISCOVERY IN PHASES - 1

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

HONORABLE TANA LIN
NOTE DATE: JUNE 5, 2023

Registration No. TX-6-484-646, and the second concerning the English translation *Fundamentals of Catholic Dogma* ("**Fundamentals**"), U.S. Copyright Registration No. TX-6-484-647. Plaintiff also alleges violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202 et seq. for distributing *Fundamentals* with false copyright management information. As part of its SAVC against Defendant, Plaintiff attached and incorporated the History of the Timeline of *Grundriss* as **Exhibit 2**, and the History of the Copyright Timeline for *Fundamentals* as **Exhibit 3**.

As a matter of law, and certainly under a 12(b)(6) analysis, Plaintiff believes that **Exhibits 2 and 3** clearly show that it is the owner of all of the required copyright rights to *Grundriss* and *Fundamentals* to enable it to bring the SAVC against Defendant. Defendant argues in its Motion to Dismiss that it does not. However, Defendant makes many incorrect assumptions and application of laws to attempt to support its arguments raised in its Motion to Dismiss. As a result, during discovery Plaintiff will gather evidence and supporting testimony that it has identified in **Exhibits 2 and 3** that is currently not in its possession, as well as obtain sworn testimony as to the copyright practices in Germany and Ireland back in 1953-1955. Obtaining such evidence will be difficult because this Court does not have subpoena power over individuals and entities located in Germany and Ireland. As a result, the Parties will have to have the cooperation of third parties located in Europe that neither Party has any control or power over to require them to produce such evidence referenced in **Exhibits 2 and 3**. Additionally, and as a result of Defendant's arguments in its Motion to Dismiss and its pattern of retrospectively applying current copyright law to the interpretation of the history of the copyright timelines of *Grundriss* and *Fundamentals* during the Parties' telephonic and written

SUPPLEMENTAL JOINT STATUS REPORT ON
WHETHER TO CONDUCT DISCOVERY IN PHASES **- 2**

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

HONORABLE TANA LIN
NOTE DATE: JUNE 5, 2023

meet and confers, Plaintiff may have to retain an Irish expert in 1953-1955 copyright laws and how such laws back then apply to the history timelines to *Fundamentals,* and also a German expert for the history timelines to *Grundriss*. It is Plaintiff's best estimate that this phase alone will not be, and cannot be, fast because the evidence and experts are all located in Europe, and the Parties will likely be waiting for months to acquire such evidence, if at all possible.

While the Parties are seeking to obtain such evidence and experts in Europe, it is Plaintiff's position that fact discovery should start simultaneously. The Parties should be able to simultaneously obtain evidence from each other and take depositions, including but not limited to, Defendant's history of infringing the rights of copyright owners, including Plaintiff, and Defendant's willful infringement of Plaintiff's copyrights and related DMCA violations.

[B]ifurcation is the exception, not the rule of normal trial procedure." *Clark v. I.R.S.*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009) (*citing Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004); *Cunningham v. Big Think Capital Inc.*, No. 21-CV-02162, 2021 U.S. Dist. LEXIS 184642, at *5 (E.D.N.Y. Sep. 27, 2021). Bifurcation should be used sparingly and depends on the facts and circumstances of each case. *See id.*; *see also* 9A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice and Procedure, § 2390 (3d ed. 2008) ('a number of courts have indicated that separation of this kind should be used sparingly') (collecting cases). When deciding whether to bifurcate proceedings, courts consider "[1] separability of the issues; [2] simplification of discovery and conservation of resources; and [3] prejudice to the parties." *Reed v. Autonation, Inc.*, No. CV 16-08916, 2017 U.S. Dist. LEXIS 218134, at *22 (C.D. Cal. Apr. 20, 2017); *see also Blanchard v. City of Memphis*, No. 17-cv-02120, 2017 U.S. Dist. LEXIS

SUPPLEMENTAL JOINT STATUS REPORT ON WHETHER TO CONDUCT DISCOVERY IN PHASES - 3

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

HONORABLE TANA LIN
NOTE DATE: JUNE 5, 2023

220801, at *8 (W.D. Tenn. Mar. 31, 2017) ("Bifurcation would only promote judicial economy if Defendant succeeds on the threshold issues; otherwise, the Court would be faced with two discovery phases and potentially two trials."). The party seeking bifurcation "has the burden of proving that bifurcation is justified given the facts in [the] case. *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 102 (N.D. Cal. 1992). For the reasons set forth below, the Court should deny Defendant's request to bifurcate discovery.

<u>First</u>, under a Rule 12(b)(6) analysis, Plaintiff has clearly shown that it has the rights to the copyrights to *Grundriss* and *Fundamentals. See* SAVC, **Exhibits 2 and 3** (Dkt. Nos. 48.3 and 48.2). As introduced by Defendant in its first motion to dismiss, Plaintiff has a history of enforcing its copyright rights to *Grundriss* and *Fundamentals*. *See* Dkt. No. 41, pg. 5. In fact, Defendant has acknowledged Plaintiff's rights to the copyrights to *Grundriss* and *Fundamentals* as part of settling its first acts of infringing Plaintiff's copyrights and in its communications with Plaintiff as alleged in the SAVC. *See, e.g.*, SAVC Exhibits 7 and 8 (Dkt. No. 48.7 and 48.8); *see also* Dkt. No. 41, introduction paragraph, and pgs. 2-3 (no such thing as an innocent mistake in copyright law).

Defendant's argument that all it needs is discovery into Plaintiff's rights to *Grundriss* and *Fundamentals* fundamentally misunderstands Plaintiff's rights to the copyrights to *Grundriss* and *Fundamentals*. This is merely Defendant's attempt to delay the inevitable of its admissions to infringing Plaintiff's copyrights a second time after previously executing a settlement agreement. *See id*. There is no denial that Defendant admits that during its second acts of infringing Plaintiff's copyrights, it distributed at least 75 copies of *Fundamentals* with

SUPPLEMENTAL JOINT STATUS REPORT ON WHETHER TO CONDUCT DISCOVERY IN PHASES - 4

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

HONORABLE TANA LIN
NOTE DATE: JUNE 5, 2023

false copyright management information. *See id*. Due to Defendant's admissions, Defendant's hurdle to overcome Plaintiff's rights to the copyrights to *Grundriss* and *Fundamentals* is substantial.

Second, bifurcation would not be efficient or conserve judicial resources. *See id.; see also In re Groupon, Inc. Sec. Litig.*, *No. 12 C 2450*, 2014 WL 12746902, at *4 (N.D. Ill. Feb. 24, 2014) ("[S]everal courts have noted that bifurcation can actually increase the costs of litigation.). In this case, bifurcation would result in many of the same witnesses being deposed twice, *e.g.*, Plaintiff, Defendant and each of their respective experts. Since obtaining evidence and experts in Europe will be expensive and time consuming in and of itself, Plaintiff argues that discovery should not be conducted in phases. Otherwise, there will be twice as many depositions to take. Additionally, Defendant's proposed bifurcation will also result in twice as many discovery conflicts and motions. Under a Rule 12(b)(6) analysis, Plaintiff has clearly met its proof of ownership rights to *Grundriss* and *Fundamentals*. *See* SAVC, **Exhibits 2 and 3.** Further, Plaintiff has shown that Defendant has repeatedly admitted to infringing Plaintiff's copyrights and that Plaintiff is the copyright holder to *Fundamentals*. *See, e.g.*, SAVC Exhibits 7 and 8 (Dkt. No. 48.7 and 48.8); *see also* Dkt. No. 41, introduction paragraph, and pgs. 2-3 (no such thing as an innocent mistake in copyright law). Defendant is merely seeking bifurcation to attempt to get out of the hole that it put itself in.

On the other hand, the Parties can obtain complete discovery on all material issues at one time, rather than wait for possibly 12 months, maybe longer, for evidence to be produced to them from individuals and entities located in Europe that this Court does not have authority over. When making such requests to individuals and entities located in Europe, the Parties can

SUPPLEMENTAL JOINT STATUS REPORT ON
WHETHER TO CONDUCT DISCOVERY IN PHASES - 5

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

HONORABLE TANA LIN
NOTE DATE: JUNE 5, 2023

also engage in other fact discovery such as Defendant's history of infringing the copyrights of others, its willful acts of infringing Plaintiff's copyrights for a second time and why its key employees are no longer working for Defendant. In this regard, the Chief Executive Office ("**CEO**") of the Defendant during both infringements is conveniently no longer its CEO. This CEO, Robert Pritchett, signed the settlement agreement regarding Defendant's first infringement of Plaintiff's copyrights, and was the CEO when Defendant engaged in the acts alleged in the SAVC. His availability and cooperation is unknown to Plaintiff as this time. Plaintiff believes that it is likely that he will be a hostile witness given the possibility that he is at risk of vicarious liability for Defendant's acts since he may have had personal financial gains as a result of Defendant's unlawful acts as alleged in the SAVC.

Additionally, another key witness who Plaintiff believes acted in concert with the former CEO, is Craig St. Clair, who orchestrated Defendant's second acts of infringing Plaintiff's copyrights. To no surprise, Mr. St. Clair is also no longer employed by Defendant. His availability and cooperation is unknown to Plaintiff as this time. Plaintiff believes that it is likely that he will be a hostile witness. Further, a third key witness who worked in concert with Mr. Pritchett and Mr. St. Clair, is Bethany Olsen. She is also no longer employed by Defendant. Both of these former Defendant employees, Mr. St. Clair and Ms. Olsen, ceased working for Defendant soon after when the Defendant's second acts of copyright infringement was discovered by Plaintiff.

Plaintiff would be prejudiced if it was not able to depose these key witnesses as well as others witnesses if their depositions were delayed.

SUPPLEMENTAL JOINT STATUS REPORT ON WHETHER TO CONDUCT DISCOVERY IN PHASES - 6

GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Third, bifurcate discovery would only unnecessarily increase the time required of the Parties to bring this case to trial, as well as substantially increase the expenses and resources of the Parties and this Court. The Court can avoid this problem by declining Defendant's invitation to depart from the typical course of discovery. Indeed, courts deny bifurcation "[w]here an overlap of factual issues exists between the claims." *Bates v. State Farm Mut. Auto. Ins. Co.*, No. C14-1557JLR, 2015 WL 11777838, at *1 (W.D. Wash. May 18, 2015). "[C]ourts are reluctant to bifurcate the proceedings," as bifurcation will result in duplication of efforts and needless line-drawing disputes." *Id.; see also Jordan v. Viacom Outdoor Grp.*, No. 05 Civ. 5497, 2005 U.S. Dist. LEXIS 29917, at *3 (S.D.N.Y. Nov. 28, 2005) (Stein, J.) (denying bifurcation where discovery from moving defendant would be relevant to multiple issues in case and thus bifurcation "may result in a less, not more efficient resolution of the claims asserted"). In this case, there are substantial overlaps with Plaintiff's copyright rights to *Grundriss* and *Fundamentals*, and Defendant's defenses to the claims alleged in the SAVC as to what rights of Plaintiff did Defendant infringe by distributing at least 75 copies of *Fundamentals* after its first infringement of *Fundamentals*. Bifurcation would not serve convenience or judicial efficiency.

Fourth, Defendant has not made the required "specific showing" of undue prejudice that justifies bifurcation. *See Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 102 (N.D. Cal. 1992). Defendant claims it would be prejudiced by having to undergo discovery regarding Plaintiff's copyright infringement and DMCA claims. This is merely Defendant's attempt to further delay production of information exclusively in its control and/or possession. Moreover, an argument that Defendant "may be compelled to undergo extensive, intrusive discovery on other issues before a threshold issue is resolved" is not sufficient to support a claim

SUPPLEMENTAL JOINT STATUS REPORT ON WHETHER TO CONDUCT DISCOVERY IN PHASES **- 7**

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

HONORABLE TANA LIN
NOTE DATE: JUNE 5, 2023

that discovery should be bifurcated on the basis of prejudice. *Id*. Defendant will not be prejudiced by providing discovery into its own admissions that it infringed Plaintiff's copyrights at least two separate times. *See, e.g*., SAVC Exhibits 7 and 8 (Dkt. No. 48.7 and 48.8); *see also* Dkt. No. 41, introduction paragraph, and pgs. 2-3 (no such thing as an innocent mistake in copyright law). As argued above, bifurcation of discovery would only unduly prejudice Plaintiff.

Furthermore, Defendant's proposal would require the Parties to sit and wait until individuals and entities located in Europe voluntarily agree to engage with them and cooperate with their requests. While the Parties are sitting and waiting, they should be allowed to engage in other fact discovery as argued above.

Plaintiff believes that the Parties will need at least 12 months for factual discovery, and thereafter, at least 4 months for expert analysis of such gathered evidence during discovery, and their testimony as to the application of Germany and Ireland copyright laws that were enacted in 1953-1955.

For the foregoing reasons, it is now time to begin full discovery on all material issues and evidence commencing from the beginning of discovery.

2.   <u>Defendant's Position on Phased Discovery</u>.

Faithlife maintains its request to conduct discovery in phases, with the first phase devoted to Baronius' ownership of the rights it asserts. This is because Baronius has failed to demonstrate standing for the claims it asserts, which is a threshold issue for all claims asserted. Baronius had represented that the Second Amended Complaint would "conclusively" address this issue. Dkt. No. 47. As detailed in the renewed motion to dismiss, however, it does not—the

SUPPLEMENTAL JOINT STATUS REPORT ON
WHEREAS TO CONDUCT DISCOVERY IN PHASES - 8

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

HONORABLE TANA LIN
NOTE DATE: JUNE 5, 2023

Second Amended Complaint instead demonstrates that Baronius lacks standing for the claims it asserts. Despite these prior representations, Baronius now vaguely asserts that it wants to conduct further unspecified discovery from foreign third parties on this issue, and admits that such discovery will take many months and is uncertain because the Court lacks subpoena power over such parties. If this case advances to discovery, Faithlife asks that the Court phase discovery to first address the threshold question of Baronius's standing to assert its claims before proceeding to general discovery. Phased discovery here will promote judicial efficiency and save costs for all parties because if Baronius is unable to first establish standing for its claims, which appears very likely, this case cannot proceed.

Dated:   June 5, 2023                         GORDON REES SCULLY MANSUKHANI, LLP


By: */s/ William M. Hughbanks*
Meredith L. Thielbahr WSBA # 41746
William M. Hughbanks WSBA # 45562
Gordon Rees Scully Mansukhani, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
Email:   whughbanks@grsm.com
             mthielbahr@grsm.com
             mishman@grsm.com

***Attorneys for Plaintiff Baronius Press, Ltd.***


K&L GATES LLP


By: /s/ Nicholas F. Lenning
Nicholas F. Lenning, WSBA #54740
Ashley E.M. Gammell, WSBA #50123

SUPPLEMENTAL JOINT STATUS REPORT ON WHETHER TO CONDUCT DISCOVERY IN PHASES - 9

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

HONORABLE TANA LIN
NOTE DATE: JUNE 5, 2023
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623-7580
Fax: (206) 623-7022
Email:   nicholas.lenning@klgates.com
          ashley.gammell@klgates.com

*Attorneys for Defendant Faithlife, LLC*

SUPPLEMENTAL JOINT STATUS REPORT ON
WHETHER TO CONDUCT DISCOVERY IN PHASES **- 10**

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

HONORABLE TANA LIN
NOTE DATE: JUNE 5, 2023

# CERTIFICATE OF SERVICE

I hereby certify I have served this document through via email to:

K&L GATES LLP
Nicholas F. Lenning
Ashley E.M. Gammell
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Email:     nicholas.lenning@klgates.com
           ashley.gammell@klgates.com
***Attorneys for Defendant Faithlife, LLC***

By: */s/ William Hughbanks*
    William Hughbanks WSBA # 45562

SUPPLEMENTAL JOINT STATUS REPORT ON
WHETHER TO CONDUCT DISCOVERY IN PHASES - **11**

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1239960/59616474v.1