HONORABLE TANA LIN
NOTED: JUNE 16, 2023

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARONIUS PRESS, LTD., an Isle of Man limited company,

                Plaintiff,

   v.

FAITHLIFE LLC, a Delaware limited liability company,

                Defendants.

NO. 2:22-CV-01635-TL

**PLAINTIFF BARONIUS PRESS, LTD.'S OPPOSITION TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

Plaintiff BARONIUS PRESS, LTD. ("**Plaintiff**") opposes the Rule 12(b)(6) Motion to Dismiss (Dkt. No. 55) ("**Motion**") by Defendant FAITHLIFE, LLC ("**Defendant**"). By the Motion, Defendant seeks an order of this Court dismissing Plaintiff's Second Amended Verified Complaint (Dkt. No. 48.0 – 48.16) ("**SAVC**") for copyright infringement and violations of the Digital Millennium Copyright Act ("**DMCA**"). The Court should deny the Motion because Plaintiff's allegations in the SAVC, when assumed true and construed in its favor, are enough to both state plausible claims for relief and put Defendant on notice thereof.

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 12(b)(6) MOTION
TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 1

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## I. INTRODUCTION

Defendant raises many unsupported issues in its Motion (identified in *italics* below) that were addressed by Plaintiff in its Second Amended Verified Complaint (Dkt. No. 48) ("**SAVC**"), as follows:

(1) *Whether Plaintiff's alleged ownership of the U.S. copyright rights to:*

(A) *The rights to the English-language edition of Grundriss der katholischen Dogmatik ("**Grundriss English Edition**"); and*

(B) *The rights to the actual English translation of Grundriss, i.e., Fundamentals of Catholic Dogma ("**Fundamentals**").*

Plaintiff addressed the above identified issues in its SAVC as follows:

(i) SAVC ¶¶1, 2, 25 - 44 (Dkt. No. 48.0);

(ii) SAVC, Exhibit No. 2 (Dkt. No. 48.3);

(iii) SAVC, Exhibit No. 3 (Dkt. No. 48.4); and

(iv) SAVC ¶¶90 - 115 (*i.e.*, the First and Second Claims for Relief) (Dkt. No. 48.0).

Collectively, such cited allegations, and attached and incorporated exhibits, in the SAVC have inequitably answered and resolved these raised issues.

(2) *Whether Plaintiff alleged that it acquired ownership of, or any rights to, Grundriss English Edition and Fundamentals after it was restored to the author, Dr. Patrick Lynch, in 1996 when the U.S. enacted the Uruguay Round Agreements Act.*

Plaintiff addressed these issues in its SAVC as follows:

(i) SAVC ¶¶28 - 44 (Dkt. No. 48.0 ¶¶28-44);

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 12(b)(6) MOTION
TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 2

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

  (ii) SAVC, Exhibit No. 2, pgs. 13 - 19 (Dkt. No. 48.3, pgs. 13 - 19); and

  (iii) SAVC, Exhibit No. 3, pgs. 6 - 8 (Dkt. No. 48.4, pgs. 6 - 8).

 Collectively, such cited allegations, and attached and incorporated exhibits, in the SAVC have inequitably answered and resolved these raised issues.

 (3) *Whether Plaintiff alleged claims for violations of the Digital Millennium Copyright Act by:*

  (A) *Alleging ownership of, and rights to, Grundriss English Edition and Fundamentals; and*

  (B) *Defendant knowingly provided false Copyright Management Information ("**CMI**") and did so with the intent to induce, enable, facilitate or conceal its infringement.*

 Plaintiff addressed the "ownership of, and rights to" issues in its SAVC as follows:

  (i) SAVC ¶¶1, 2, 25 - 44 (Dkt. No. 48.0, ¶¶1, 2, 25 - 44);

  (ii) SAVC, Exhibit No. 2 (Dkt. No. 48.3);

  (iii) SAVC, Exhibit No. 3 (Dkt. No. 48.4); and

  (iv) SAVC ¶¶90 - 115 (*i.e.*, the First and Second Claims for Relief) (Dkt. No. 48.0 ¶¶90 -– 115).

 Plaintiff addressed the "CMI" issues in its SAVC as follows:

  (i) SAVC ¶¶1 - 5, 45 - 89 (Dkt. No. 48.0, ¶¶1 - 5, 45 - 89);

  (ii) SAVC, Exhibit Nos. 4 - 14 (Dkt. Nos. 48.5 - 48.15); and

  (iii) SAVC ¶¶116 - 149 (*i.e.*, the Third and Fourth Claims for Relief) (Dkt. No. 48.0, ¶¶116 - 149).

 Collectively, such cited allegations, and attached and incorporated exhibits, in the SAVC

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 12(b)(6) MOTION
TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 3

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

have inequitably answered and resolved these raised issues, and under a Rule 12(b)(6) standard of review, all such allegations must be accepted as true. Therefore, Plaintiff has met its pleading requirements and Defendant's Motion must be denied.

Further, in support of Plaintiff's arguments to rebut Defendant's unfounded allegations, Plaintiff attaches and incorporates hereto as **Exhibit 1** the Declaration of Pavel Kejik ("**Kejik Decl.**"), the Director of Plaintiff Baronius Press, Ltd.

## II.   STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). When considering such a motion, the court must accept all factual allegations in a complaint as true and give the plaintiff the benefit of all reasonable inferences, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (internal citations omitted); *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). The factual allegations in a plaintiff's complaint must be enough to provide a plaintiff with a right to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). A complaint may be dismissed under Rule 12(b)(6) "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 2232 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 101-02, (1957)).

The issue is not whether the party will ultimately prevail, but whether the party is entitled to present evidence in support of its claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). A viable complaint need only include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. To deny a motion to dismiss, a court need only determine that

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 12(b)(6) MOTION
TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 4

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

the allegations in the complaint state a plausible claim for relief. *See id*. Plaintiff's SAVC meets this standard.

### III.   ARGUMENT

**A.   Plaintiff's SAVC States Claims for Copyright Infringement.**

The elements of pleading a valid copyright claim are: "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original". *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282 (1991). Plaintiff's SAVC adequately pleads these elements and therefore states two causes of action for copyright infringement.

**1.   Plaintiff Has Properly Alleged Ownership of Valid Copyrights.**

**a.   *Grundriss der katholischen Dogmatik* ("*Grundriss*")**

First, Plaintiff has sufficiently alleged its ownership of a valid copyright in *Grundriss* (SAVC ¶¶90-102) for which the United States Copyright Office issued a registration on or about February 21, 2014. (SAVC, Ex. 2); *Montgomery v. Noga*, 168 F.3d 1282, 1292 (11th Cir.1999) (holding that a certificate of copyright registrations creates a rebuttable presumption that the copyright is valid); 17 U.S.C. § 410(c). Plaintiff alleges that in 2009, it signed an agreement with the copyright owner of *Grundriss,* and obtained the exclusive right to reproduce, adapt and distribute English-language edition of the German-language original work *Grundriss* ("***Grundriss English Edition***") (SAVC ¶33), and that *Grundriss* is subject to the full protection of United States copyright laws. (SAVC ¶¶25-35) Specifically, Plaintiff alleges that it is the exclusive licensee of the exclusive right to publish *Grundriss English Edition* (SAVC ¶25), and that it is entitled to all of the exclusive rights and remedies accorded by U.S. copyright law to a copyright owner. (SAVC ¶27). Assuming the truth of those and other factual SAVC allegations

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 12(b)(6) MOTION
TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 5

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

as the Court must, *Twombly,* 550 U.S. at 556, Plaintiff has sufficiently plead its ownership of a valid and registered copyright for *Grundriss*.

### b.   *Fundamentals of Catholic Dogma* ("*Fundamentals*")

Plaintiff has sufficiently alleged its ownership of a valid copyright in *Fundamentals* (SAVC ¶¶103-115) for which the United States Copyright Office issued a registration on or about February 21, 2014. (SAVC, Ex. 4); *Montgomery*, 168 F.3d at 1292; 17 U.S.C. § 410(c). Specifically, Plaintiff alleges that it is the exclusive owner of all copyright rights to *Fundamentals* (SAVC ¶25), and that it is entitled to all of the exclusive rights and remedies accorded by U.S. copyright law to a copyright owner. (SAVC ¶¶36-40). Plaintiff further alleges that in 2010, it signed an agreement with the copyright owner of *Fundamentals,* and all of the copyright rights in and to *Fundamentals* (SAVC ¶40), and that *Fundamentals* is subject to the full protection of United States copyright laws. (SAVC ¶¶36-42). Assuming the truth of those and other factual SAVC allegations as the Court must, *Twombly,* 550 U.S. at 556, Plaintiff has sufficiently plead its ownership of a valid and registered copyright for *Fundamentals*.

Defendant's misguided, if not deliberately misleading arguments that the SAVC claim fails for lack of valid copyright in *Fundamentals* is improper in a Rule 12(b)(6) motion, and its reliance on disproving Plaintiff's allegation that Dr. Lynch was "commissioned" by Mercier Press to create the translation is inapposite to the actual issues before the Court, and is inappropriate in a Rule 12(b)(6) motion.

First, the U.S. Supreme Court ruled in *Twombly*, that under a Rule 12(b)(6) standard of review, a court must assume the truth of the factual allegations in a complaint. In this case, the SAVC and its Exhibit 3 allege that the ownership of a valid copyright in *Fundamentals* was

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 12(b)(6) MOTION
TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 6

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

conveyed to Plaintiff. (SAVC ¶¶103-115).

Second, Defendant is misapplying the standard of review in this case (*i.e.*, Rule 12(b)(6)), and is arguing as a matter of law (*i.e.*, Rule 56), Plaintiff has failed to prove its ownership of a valid copyright in *Fundamentals*. Defendant only alleges "by statute" (Motion, Pgs. 6, 12), and does not even identify nor cite to any particular statute.[1] Rather, under a Rule 12A(b)(6) analysis, the SAVC and the SAVC **Exhibits Nos. 3** and **4** show Plaintiff's plausible ownership of *Grundriss* and *Fundamentals*. Whether the SAVC and the SAVC **Exhibits Nos. 3** and **4** show Plaintiff's ownership of *Grundriss* and *Fundamentals* as a matter of law is for another dispositive motion that is not now before this Honorable Court.

Assuming the truth of those and other factual SAVC allegations as the Court must, *Twombly,* 550 U.S. at 556, Plaintiff has sufficiently plead its ownership of a valid and registered copyright for *Fundamentals*.

**2.   Plaintiff Has Properly Alleged Copying of Constituent Elements of the Work that are Original.**

  a.   *Grundriss*

First, Plaintiff has sufficiently alleged that Defendant copied the constituent elements of *Grundriss* that are original. (SAVC ¶¶90-102).  Specifically, Plaintiff alleges that Defendant, "without Plaintiff's authorization, willfully, intentionally and purposefully reproduced and distributed *Grundriss English Edition*, and/or a substantially similar reproduction thereof, in the U.S. in electronic/digital format through Logos and/or Verbum software platforms, and other

---

[1] In its Motion's Introduction and Statement of Facts sections, Defendant also attempts to focus the Court on whether *Fundamentals* was a restored work. (Mot. at pgs. **2**, 4), Plaintiff alleges that *Fundamentals* is a work that was restored under applicable law, the analysis of which shall be proven by Plaintiff in an upcoming dispositive pleading.

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 12(b)(6) MOTION
TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 7

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

means that are currently unknown to Plaintiff, in violation of Section 501 of the Copyright Act." (SAVC ¶96).

Defendant's misguided, if not deliberately misleading arguments that the SAVC claim fails because Defendant copied the constituent elements of *Grundriss* that are original is improper in a Rule 12(b)(6) motion.

First, Defendant argues that Plaintiff has ownership of a limited copyright in *Grundriss*, and that Plaintiff has failed to allege that Defendant has infringed that limited copyright. (*See* Motion Pg. 6). What Defendant interprets as a limited copyright is in fact the exact opposite. The license between the Seminary and Nova et vetera does indeed state: "*In light of the controversy surrounding the English edition in the 1960s, the publisher nova & vetera e.k. to ensure that the old version of the text in the former form is by no means reused.*" This is a specific exclusive right of a copyright owner, *i.e.*, the right to reproduce and copy an original work, and conversely, the right to police and prevent others from reproducing and copying an original work. *See* 17 U.S.C. § 106. As alleged in the SAVC (SAVC ¶¶91-102; SAVC Ex. 2), this same right has been passed on by Nova et vetera to Plaintiff, and it is now the duty of Plaintiff "**to ensure that the old version of the text in the former form is by no means reused**.*"*

Next, in its Motion, Defendant seems to be very misguided in interpreting a contract written in German and interpreted under German law. Defendant even states that the original contract between the Seminary of Eichstatt and Nova et vetera "is not relevant to the issues here" yet, utterly relies on a translation of the Supplemental Contract (SAVC Ex. 2, Pg.12) provided by Plaintiff and not done by a German law expert of German to English translations.

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 12(b)(6) MOTION
TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 8

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

The translation relied upon by Defendant was conducted by Google back in 2017 when Plaintiff caused the creation of the translation. Today, this same translation conducted by Google and Bing differs to the one from 2017; however, the meaning stays the same as shown in the following table comparing it to the 2023 Google and 2023 Bing translations.

| **Google 2017** | **Google June 10, 2023** | **Bing June 10, 2023** |
|---|---|---|
| In addition to the publishing contract dated 6/11. July 2004 the publisher nova vetera e.K., Bonn, hereby also the right for an English-language edition of the Grundrisses der Dogmatik of Prof. Dr. Ludwig Ott. | In addition to the publishing contract of 6./11. July 2004 the publishing house nova & vetera e.K., Bonn, is hereby also granted the right for an English-language edition of the outline of the dogmatics by Prof. Dr. Transferred to Ludwig Ott. | In addition to the publishing contract of 6/11 July 2004, the publishing house nova & vetera e.K., Bonn, is hereby granted the right to publish an English-language edition of the Grundriss der Dogmatik by Prof. Dr. Ludwig Ott. |
| The bishop's seminary of St. Willibald in Eichstatt receives a copy of every edited version of the English version. | The Episcopal Seminary of St. Willibald in Eichstätt receives a specimen copy of each modified edition of the English version. | The Episcopal Seminary of St. Willibald in Eichstätt receives a specimen copy of each modified edition of the English version. |
| In light of the controversy surrounding the English edition in the 1960s, the publisher nova & vetera e.k. To ensure that the old version of the text in the former form is by no means reused. | In view of the controversy surrounding the English-language edition in the 1960s, the publishing house nova & vetera e.K. to ensure that the old version of the text is no longer used in the form at that time for a new edition. | In view of the controversy surrounding the English-language edition in the 60s, the publishing house nova & vetera e.K. undertakes to ensure that the old version of the text in its former form is no longer used for a new edition. |

State another way, and as Plaintiff has alleged in the SAVC, Plaintiff has the right "to ensure that the old version of the text [of *Grundriss*] is no longer used," and that Defendant has infringed this right by copying and producing copies of the old version of *Grundriss* in its controversial 1960s edition via *Grundriss'* English translation, *i.e.*, *Fundamentals*. (SAVC ¶¶91-102; SAVC Ex. 2; Kejik Decl. ¶28),

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 12(b)(6) MOTION
TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 9

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Assuming the truth of those and other factual SAVC allegations as the Court must, *Twombly,* 550 U.S. at 556, Plaintiff has sufficiently plead the Defendant's copies of *Grundriss* copied the constituent elements of *Grundriss* that are original.

    **b.**    ***Fundamentals***

First Plaintiff has sufficiently alleged that Defendant copied the constituent elements of *Fundamentals* that are original. (SAVC ¶¶103-115) Specifically, Plaintiff has alleged that Defendant, "without Plaintiff's authorization, willfully, intentionally and purposefully reproduced and distributed *Fundamentals*, and/or a substantially similar reproduction thereof, in the U.S. in electronic/digital format through Defendant's Logos and/or Verbum software platforms and other means that are currently unknown to Plaintiff, in violation of Section 501 of the Copyright Act." (SAVC ¶109).

Defendant attempts to focus the Court on only whether *Fundamentals* was a restored work, as depicted in Defendant's Motion (Motion, Pgs. 2, 4), and ignores the indisputable fact that Defendant's infringing copies of *Fundamentals* are actually identical copies of *Fundamentals,* which literary work Plaintiff registered with the U.S. Copyright Office, and received U.S. Copyright Registration No. TX-6-484-647, which was issued on February 21, 2014. (SAVC ¶41; SAVC, Ex. 3).

Second, Defendant fatally argues that Plaintiff alleges that Defendant infringed Plaintiff's new 2018 translation of *Fundamentals*, when in fact, Plaintiff has always alleged that Defendant infringed the English translation of *Grundriss*, a.k.a. *Fundamentals*, U.S. Copyright Registration No. TX-6-484-647. (SAVC ¶36) ("*Fundamentals*" defined as the English-language translation of *Grundriss* entitled *Fundamentals of Catholic Dogma* – not Plaintiff's new 2018

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 12(b)(6) MOTION
TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 10

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

translation of *Fundamentals*). Stated another way, Defendant copied and reproduced copies of the version of *Fundamentals* with "several historical, theological, doctrinal and substantial grammatical errors." (SAVC ¶43).

Assuming the truth of those and other factual SAVC allegations as the Court must, *Twombly,* 550 U.S. at 556, Plaintiff has sufficiently plead the Defendant copies of *Fundamentals* copied the constituent elements of *Fundamentals* that are original.

**B.     Plaintiff's SAVC States Claims for Violations of the DMCA.**

Section 1202(a) of the DMCA provides that:

No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement—

(1) provide copyright management information that is false, or

(2) distribute or import for distribution copyright management information that is false.

Plaintiff's SAVC adequately pleads these elements and therefore states a cause of action for violations of the DMCA.

**1.     Plaintiff has Properly Alleged DMCA Violations for *Grundriss* and *Fundamentals*.**

First, Plaintiff has sufficiently alleged that it has ownership and/or exclusive rights to *Grundriss* and *Fundamentals*, and that Defendant knowingly and with the intent to facilitate and conceal its willful acts of copyright infringement and to conceal the true copyright holders of *Fundamentals* by providing CMI that is false and distributing CMI that is false. (SAVC ¶¶116-149).

Defendant's misguided, if not deliberately misleading arguments that the SAVC claim fails to allege DMCA violations for *Grundriss* and *Fundamentals* is improper in a Rule 12(b)(6)

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 12(b)(6) MOTION
TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 11

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

motion.

Defendant claims that Plaintiff's allegations are "implausible because they are directly contradicted by Baronius's own factual allegations." Defendant selectively chose allegations from the SAVC in order to support its narrative, blatantly omitting the parts that do not suit Defendant and goes as far as utterly misconstruction and false misinterpretation of the allegations stated in the SAVC. *i.e.*, those bulleted allegations on page 21 of Defendant's Motion. However, such copy and delete tactics by Defendant cannot overcome the fact that Plaintiff has properly alleged DMCA Violations for *Fundamentals*. (SAVC ¶¶134-149; Kejik Decl. ¶¶29-33).

Simply said, the CMI used by Defendant is false as the copyright does not belong to B. Herder Book Company, a company that was dissolved in 1970s. (SAVC ¶¶73; SAVC Ex. Nos. 3 and 4; Kejik Decl. ¶¶34-35). In its email of April 15, 2020, Defendant claimed that its "*team members made a good faith effort to determine the copyright status and ensure the title was in the public domain, using what they thought was a complete and correct process.*" (SAVC ¶70; SAVC Ex. 7). Despite this fact "*Defendant did not provide Fundamentals with CMI stating 'Copyright: Public Domain'*" (SAVC ¶72) as it does with other of its public domain titles. (SAVC Ex. 8).

As alleged in the SAVC, Defendant just did not out of the blue decided to "*voluntarily cease its publication*" (Motion, Pg. 21), but rather Defendant *"learned more recently--and definitively--that the book has a new copyright holder."* (SAVC ¶55; Kejik Decl. ¶17). Also, Defendant did not "*publicize its own investigation into the copyright*" (Motion, Pg. 22); but rather, Defendant only mentioned Plaintiff as the "*newer U.S. publisher*" and never publicly

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 12(b)(6) MOTION
TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 12

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

stated who the "*new copyrightholder*" was despite its actual and constructive knowledge of such copyrightholder. (SAVC ¶¶48, 54, 55, 95, 108, 126, 146; Kejik Decl. ¶16). Therefore, in no way did Defendant "*publicly correct[ed] the copyright information*". (Motion, Pg. 22)

More importantly, by providing the false CMI, Defendant enabled, facilitated and concealed its infringement as it hid the CMI information of the true copyright owners of the *Grundriss* and *Fundamentals*. (SAVC ¶¶48, 54, 55, 95, 97, 108, 110, 123, 124, 126, 140, 141, 146; Kejik Decl. ¶¶14, 35).

Defendant is misguided when it states in its Motion that "Baronius's allegations indicate that Faithlife was acting innocently and transparently" given the facts above. Plaintiff need no further comments as such arguments are not appropriate in a Rule 12(b)(6) motion and are not even a recognized affirmative defense. *See* 3 Nimmer on Copyright § 13.08 (1981); s*ee also Williams Electronics, Inc. v. Artic International, Inc.,* 685 F.2d 870, 878 (3d Cir.1982), Furthermore, Plaintiff has not alleged this in its SAVC, and there is no such thing as an innocent act of copyright infringement, especially when the Defendant first executes a settlement agreement and then repeats the same acts of copyright infringement. (*See id.; see also* SAVC; *see also* Kejik Decl. ¶¶7-8.

Assuming the truth of those and other factual SAVC allegations as the Court must, *Twombly,* 550 U.S. at 556, Plaintiff has sufficiently plead DMCA violations for *Fundamentals* against the Defendant.

## IV.   CONCLUSION

For all the above reasons, Plaintiff respectfully urges the Court to deny Defendant's Motion to Dismiss Plaintiff's Second Amended Verified Complaint.

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 12(b)(6) MOTION
TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 13

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Dated: June 12, 2023

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ William M. Hughbanks*
William M. Hughbanks WSBA # 45562
Meredith L. Thielbahr WSBA #41746
Attorneys for Plaintiff Baronius Press, Ltd
Gordon Rees Scully Mansukhani, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
Email:  whughbanks@grsm.com
mishman@grsm.com
mthielbahr@grsm.com

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 14

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nicholas F. Lenning, WSBA #54740
Ashley E.M. Gammell, WSBA #50123
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623-7580
Fax: (206) 623-7022
Email:
nicholas.lenning@klgates.com
ashley.gammell@klgates.com

Attorneys for Defendant Faithlife LLC

By: */s/ William M. Hughbanks*
William M. Hughbanks WSBA # 45562

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS,
CASE NO. 2:22-CV-01635-TL - 15

GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1213044/77725899v.1