Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARONIUS PRESS, LTD., an Isle of Man limited company,

Plaintiff,

v.

FAITHLIFE LLC, a Delaware limited liability company,

Defendant.

Case No. 2:22-CV-01635-TL

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Baronius's opposition only worsens the fatal deficiencies identified in Faithlife's motion to dismiss. The opposition essentially leaves Faithlife's key points unopposed. For the reasons detailed in Faithlife's motion and briefly addressed below, the Court should dismiss all four claims. Because, counting the opposition, Baronius now has had four opportunities to offer plausible factual allegations sufficient to support standing and establish the elements of its claims, and the deficiencies are incurable, that dismissal should be with prejudice.

1. **Baronius's opposition confirms it does not have standing for its *Grundriss* claim.**

Baronius does not dispute that its right to publish is limited only to the new, fully-revised edition of *Fundamentals* that Baronius published in 2018, and that Baronius does not possess the right to publish *Grundriss* itself or any other English translations of *Grundriss*.

DEFENDANT'S MOTION TO DISMISS - 1
Case No. 2:22-CV-01635-TL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Baronius instead admits that it is prohibited from publishing older versions of *Fundamentals* and concedes its right to copy and publish is limited only to the contracted-for new edition. Plaintiff's Opposition to Faithlife's Motion to Dismiss, Dkt. # 59 at 5, 8. Baronius also concedes that Faithlife did not publish the new 2018 work for which Baronius purports to own the exclusive right to publish. *Id*. at 10–11. As a matter of law, rights not transferred—here, the right to publish *other* English translations, including the older versions of *Fundamentals*—are retained by the copyright holder (the Seminary). As the Sixth Circuit has cogently explained:

> Thus, copyright ownership operates like the common analogy of a bundle of sticks. The author, as the original owner, holds all of the exclusive rights in the protected work. [17 U.S.C.] §§ 106, 201. The author may transfer any one of these sticks, in whole or in part, to a third party. *Id*. § 201(d)(1). Anyone holding a stick, or a part of a stick, can sue anyone who infringes on that right. For example, anyone holding a right to distribute a copyrighted work in California can sue infringers in California, but not New York. The right to enforce is only as broad as the exclusive right held.

*See, e.g.*, *Joe Hand Promotions, Inc. v. Griffith*, 49 F. 4th 1018, 1022 (6th Cir. 2022). The copyright holder (not Baronius) therefore retained the rights to publish the older versions of *Fundamentals* and Faithlife did not infringe any right to publish held by Baronius.

Baronius seems to agree, deciding instead to about-face and now assert that it possesses "the right to police and prevent others from reproducing and copying" the older versions of *Fundamentals*. Dkt. # 59 at p. 8. In other words, Baronius is claiming that it possesses the right to sue for older versions of *Fundamentals*, even though it possesses no other exclusive rights for those works (and is actually contractually forbidden from exercising any of those rights). This argument fails for many reasons but it is unnecessary to belabor the point: this argument has been expressly, and repeatedly, rejected by the Ninth Circuit. It is settled law that "a copyright holder cannot assign or transfer a bare right to sue." *Fathers & Daughters Nevada, LLC v. Zhang*, 284 F. Supp. 3d 1160, 1163–64 (D. Or. 2018) (citing

DEFENDANT'S MOTION TO DISMISS - 2
Case No. 2:22-CV-01635-TL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169 (9th Cir. 2013); *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 987 (9th Cir. 2017); *Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 890 (9th Cir. 2005)). Thus, even if the contracts actually said what Baronius is now claiming (they don't), and even if the Second Amended Complaint actually alleged this right (it doesn't), and even if Baronius alleged that this right was exclusive (also missing from the SAC or the opposition), this claimed right is irrelevant because it cannot confer standing for Baronius to sue Faithlife for copyright infringement.

Faithlife respectfully submits that this claim therefore must be dismissed for lack of standing.

### 2. Baronius's opposition confirms that it does not have standing for its *Fundamentals* claim.

Rather than address the substantial deficiencies that Faithlife identified in the motion to dismiss—specifically that Baronius's exhibits and complaint do not plausibly allege that Baronius has standing to pursue this claim because the author, Patrick Lynch, has not assigned any rights to Baronius—Baronius instead asserts that the Court must "assume the truth" of Baronius's conclusory allegations that it owns the copyright to *Fundamentals*. Dkt. # 59 at 6.[1] But the Court need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," nor "allegations that contradict matters properly subject to judicial notice or by exhibit." *State Farm Mutual Automobile Co. v. Peter J. Hanson, P.C.*, 2017 WL 3189026, at *2 (W.D. Wa. July 27, 2017). And the allegations Baronius points to, SAC ¶¶ 25, 36–42, 103–115, are conclusory and directly contradicted either by Baronius's exhibits or matters subject to judicial notice.

In sum, Baronius's factual allegations establish that Dr. Patrick Lynch is the only

---

[1] Baronius also repeatedly references its copyright registration certificates. Dkt. # 59 at 5, 6, 7, 10  But, as addressed in Faithlife's motion, the registrations here were made decades after the publication of the works and therefore are entitled to no presumptions of validity or copyright ownership. Dkt # 55 at 12–13.

DEFENDANT'S MOTION TO DISMISS - 3
Case No. 2:22-CV-01635-TL

plausible owner of the *Fundamentals* copyright. Specifically, Baronius alleges that *Fundamentals* is a restored work under 17 U.S.C. § 104A. SAC ¶ 39.[2] By law, "ownership of [a] restored copyright" automatically "vests initially in the author or initial rightholder of the work as determined by the law of the source country of the work."[3] 17 U.S.C. § 104A(b). Baronius alleges (and it is in fact true) that "Dr. Patrick Lynch" is the "author" of *Fundamentals*. SAC ¶ 25, Table 1. Baronius also does not contest that the Industrial and Commercial Property Act of 1927 was the operable statute at the relevant time. Nor does Baronius contest Faithlife's argument that Section 158(1)(b) of that statute is the only relevant means by which Mercier Press could have been the first owner of the copyright under Irish law. And Baronius also makes no argument, and there are no factual allegations, that Dr. Lynch was "in the employment of" Mercier Press, such that Mercier Press could plausibly have been the "first owner" of the copyright under Section 158(1)(b). Indeed, the factual allegations instead are that Dr. Lynch was "commissioned" to provide the translation and paid a discrete "fee"—allegations directly contrary to Dr. Lynch plausibly having been an employee of Mercier Press. The only plausible owner of the U.S. copyright, therefore, is Dr. Lynch, the author, to whom the U.S. copyright automatically was restored.

Absent a written assignment from Lynch or plausible factual allegations supporting Mercier Press being the "author" or "first owner" under Irish law, Dr. Lynch is the only plausible owner of the restored U.S. copyright to *Fundamentals*. Despite now having had numerous opportunities to amend, Baronius has offered neither—there are no factual

---

[2] It is not clear from Baronius's opposition, specifically footnote 1, whether Baronius now contests its own factual allegation that *Fundamentals* (and *Grundriss*) is a restored work under the URAA, 17 U.S.C. § 104A. *See* Dkt. # 48 at ¶ 31, 39. But any contrary allegation would be implausible because Baronius has admitted this fact in other litigations, *Fundamentals* satisfies all of the elements for a restored work based on the factual allegations, and the copyright registration attached to the SAC is a Form GATT for a restored work.
[3] As explained in the motion to dismiss, the "initial rightholder" is not relevant here because that is limited to copyrights for sound recordings. Faithlife Motion to Dismiss, Dkt. # 55 at pp. 13–14; 17 U.S.C. § 104A(h)(7).

DEFENDANT'S MOTION TO DISMISS - 4
Case No. 2:22-CV-01635-TL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

allegations that Dr. Lynch ever assigned his U.S. copyright in writing and there are no factual allegations from which the Court could conclude it is plausible that Mercier Press is the author of *Fundamentals* or the "initial copyright holder" of the U.S. copyright to *Fundamentals*.

Faithlife respectfully submits that this claim therefore must be dismissed for lack of standing.

### 3. The Court must also dismiss the DMCA claims.

Baronius does not dispute that, if the Court dismisses the copyright infringement claims, it must also dismiss the DMCA for lack of standing. *See* Dkt. # 59 at p. 11–13; Dkt. #55 at p. 17–18. Because the copyright infringement claims must be dismissed, as discussed above, the DMCA claims also should be dismissed for lack of standing.

As to the plausibility of its intent allegations, Baronius again simply repeats its generic, conclusory allegations that Faithlife acted "knowingly and with the intent to facilitate and conceal its willful acts of copyright infringement." Dkt. # 59 at p. 11, 13. Baronius largely does not address that its boilerplate allegations of intent are implausible because they are directly contradicted by other factual allegations and the complaint exhibits. Dkt. # 55 at p. 20–21. Instead, Baronius focuses on Faithlife's alleged knowledge and the alleged falsity of the CMI, neither of which Faithlife has contested for purposes of the motion to dismiss.

Baronius's arguments actually highlight the problem here—Baronius relies on authority relating to copyright infringement claims (that do not have an intent requirement), *not* DMCA claims (that do). *See* Dkt. # 59 at p. 13 (citing 3 Nimmer on Copyright § 13.08 (1981); *Williams Elecs, Inc. v. Artic Int'l, Inc.*, 685 F.2d 870, 878 (3d Cir. 1982)). But, to state a claim for a DMCA violation, Baronius must plausibly plead that Faithlife acted with the intent to induce, enable, facilitate, or conceal infringement. It has not done that. *See* Dkt. #55 at p. 18–23. To the contrary, the complaint instead alleges that Faithlife publicly announced that it did not have the copyright to what it had published and was pulling the title until it had

DEFENDANT'S MOTION TO DISMISS - 5
Case No. 2:22-CV-01635-TL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

obtained such rights—months before Baronius even allegedly learned of the publication. While Baronius takes issue with the wording of those announcements—that Faithlife first named Baronius and then later referred to them as the new copyright holder—it does not contest the alleged (and true) fact that Faithlife publicly corrected that the work was not public domain and that Faithlife did not have the rights to publish it. That is simply not consistent with an "intent to induce, enable, facilitate, or conceal infringement" and Baronius's conclusory allegations of such intent are not plausible.

### 4. The Kejik "declaration" violates applicable rules.

In addition to its opposition, Baronius also submitted a 14-page "Declaration of Pavel Kejik in Support of Plaintiff's Opposition to Defendant's Rule 12(B)(6) Motion to Dismiss." *See* Dkt. 60. This document is a pseudo-legal brief that attempts, by its own admission, to respond to the motion to dismiss with legal arguments, legal citations, and references to various matters not within the first-hand knowledge of the declarant. The Kejik "declaration" violates the local rules and this Court's Standing Order. *See, e.g.*, Standing Order for All Civil Cases, Section II(A) ("Substantive information and discussion must appear in the body of the brief . . ."); LCR 7(b)(1) ("The argument in support of the motion shall not be made in a separate document but shall be submitted as part of the motion itself."). But, as the Kejik "declaration" fails to offer any relevant information or arguments, we will not address it further.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1     DATED this 16th day of June, 2023.

                                           K&L Gates LLP

                                           By *s/ Nicholas F. Lenning*
                                              Nicholas F. Lenning, WSBA #54740
                                              Ashley E.M. Gammell, WSBA #50123
                                           925 Fourth Avenue, Suite 2900
                                           Seattle, WA 98104
                                           Phone: (206) 623-7580
                                           Fax: (206) 623-7022
                                           Email:   nicholas.lenning@klgates.com
                                                                       ashley.gammell@klgates.com

                                           Attorneys for Defendant
                                           Faithlife Corporation

                                           I certify that this motion contains 1,886 words, in compliance with LCR 7(e)(3).

DEFENDANT'S MOTION TO DISMISS - 7
Case No. 2:22-CV-01635-TL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022