UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARONIUS PRESS LTD,<br><br>　　　　　　　　Plaintiff(s),<br>　v.<br><br>FAITHLIFE CORPORATION,<br><br>　　　　　　　　Defendant(s). | CASE NO. 2:22-cv-01635-TL<br><br>ORDER DENYING PHASED DISCOVERY |

This case involves claims of copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202 et seq., related to three written works: (1) a German-language religious text titled Grundriss der katholischen Dogmatik by Ludwig Ott ("Grundriss"), originally published in 1952; (2) an English-language translation of that work called Fundamentals of Catholic Dogma authored by Dr. Patrick Lynch ("Lynch Translation"), originally published in 1955; and (3) a revised English-language edition ("Revised Translation") produced and published by Plaintiff Baronius Press, Ltd. ("Baronius") in 2018. This matter is before Court *sua sponte*. Having reviewed the Parties' Joint Status Report ("JSR," Dkt. No. 57)

and upon consideration of the Court's recently entered Order Denying Defendant Faithlife LLC's Motion to Dismiss ("the Order," Dkt. No. 63), the Court FINDS that good cause is not shown to warrant bifurcation of the proceedings and DENIES Defendant's request for phased discovery.

In the JSR, Defendant asserts that phased discovery is appropriate because Plaintiff has failed to establish a protectable ownership interest in the written works, which is a threshold issue for its claims. Dkt. No. 57 at 8–9. Defendant's argument is premised, at least in part, on the arguments in its then-pending motion to dismiss. *Id.* "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Drennan v. Maryland Casualty Co.*, 366 F.Supp.2d 1002, 1007 (D.Nev.2005) (citing *O'Malley v. United States Fidelity and Guaranty Co.*, 776 F.2d 494, 501 (5th Cir.1985)).

In the Order, the Court recognized the dispute regarding Plaintiff's claim of ownership of the Lynch Translation copyright (Dkt. No. 63 at 10–12), resolution of which in favor of Defendant would potentially dispose of Plaintiff's infringement and DMCA claims related to that work. The Court also determined that Plaintiff failed to plausibly allege a protectable ownership interest in Grundriss. *Id.* at 5–8. But the Court ultimately found that Plaintiff has established ownership of an exclusive license in the Revised Translation, which Defendant does not appear to dispute. Dkt. No. 63 at 5–9; *see also* Dkt. No. 55 at 11. While the Court expressed skepticism regarding Plaintiff's assertions regarding the infringement of the exclusive license in the Revised Translation, the claim nevertheless survived the motion to dismiss. Dkt. No. 63 at 8–9. Thus, resolution of the Lynch Translation ownership dispute would not necessarily be dispositive of the entire case. Therefore, the Court does not find that bifurcation and phased discovery are appropriate at this time.

Consequently, the Court ORDERS the Parties to prepare and submit, within **14 days** of the date of this order, a proposed case management schedule and provide any dates through June

2025 on which trial counsel may have conflicts or other complications to be considered in setting a trial date.

Dated this 2nd day of February 2024.

Tana Lin
United States District Judge