The Honorable Tana Lin

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

BARONIUS PRESS, LTD., an Isle of Man limited company,

Plaintiff,

v.

FAITHLIFE, LLC, a Delaware limited liability company,

Defendant.

No. 2:22-CV-01635-TL

FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES

JURY DEMAND

COMES NOW Defendant Faithlife LLC, and states in answer to Plaintiff Baronius Press, Ltd.'s Second Amended Complaint (the "Complaint") as follows:

## I.      PRELIMINARY STATEMENT

1. Faithlife denies the allegations in Paragraph 1 of the Complaint.

2. Faithlife admits that Plaintiff and Defendant executed a "Mutual Release and Settlement Agreement" in 2015. Faithlife denies the remaining allegations in Paragraph 2.

3. Faithlife denies the allegations in Paragraph 3 of the Complaint.

4. Faithlife denies the allegations in Paragraph 4 of the Complaint.

5. Faithlife denies the allegations in Paragraph 5 of the Complaint.

/ / /

/ / /

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## II.     THE PARTIES

6.     Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint and denies the same on that basis.

7.     Faithlife admits the allegations in Paragraph 7 of the Complaint.

8.     Faithlife denies the allegations in Paragraph 8 of the Complaint.

## III.     JURISDICTION AND VENUE

9.     Paragraph 9 of the Complaint is a legal conclusion to which no response is required. To the extent Paragraph 9 contains other allegations, Faithlife denies the same.

10.     Paragraph 10 contains legal conclusions to which no answer is required. To the extent an answer is required, Faithlife denies the same.

11.     Paragraph 11 alleges a legal conclusion to which no response is required. To the extent an answer is required, Faithlife admits that Plaintiff purports to bring this action pursuant to 17 U.S.C. § 101 et seq., Sections 1331 and 1338 of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367(a), and 28 U.S.C. § 1332.

12.     Paragraph 12 alleges a legal conclusion to which no response is required. To the extent an answer is required, Faithlife admits that it is located, doing, and soliciting business in this State and judicial district but denies any remaining allegations in Paragraph 12.

13.     Paragraph 13 alleges a legal conclusion to which no response is required. To the extent an answer is required, Faithlife admits that Plaintiff alleges acts and omissions that occurred in this district but denies all such allegations.

## IV.     COMMON ALLEGATIONS

14.     Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint, and on that basis denies the same.

15.     Faithlife admits the allegations in Paragraph 15 of the Complaint.

16.     Faithlife admits that it has revenues exceeding $72 million per year. Faithlife denies the remaining allegations in Paragraph 16.

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

17. Faithlife admits the allegations in Paragraph 17 of the Complaint.

18. Faithlife admits the allegations in Paragraph 18 of the Complaint.

19. Faithlife admits the allegations in Paragraph 19 of the Complaint.

20. Faithlife admits the allegations in Paragraph 20 of the Complaint.

21. Faithlife admits that Craig St. Clair was employed by Faithlife as Verbum Product Manager between September 2017 and March 2020. The remaining allegations in Paragraph 21 of the Complaint purport to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the remaining allegations in Paragraph 21.

22. Paragraph 22 of the Complaint purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the remaining allegations in Paragraph 22.

23. Paragraph 23 of the Complaint purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the remaining allegations in Paragraph 23.

24. Paragraph 24 of the Complaint purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the remaining allegations in Paragraph 24.

25. Faithlife denies the allegations in paragraph 25 of the Complaint.

26. To the extent any response is required to Paragraph 26 of the Complaint, Faithlife denies the same.

27. Faithlife denies that Plaintiff is "the owner of all rights under copyright in the Works," and that Plaintiff is "entitled to all of the exclusive rights and remedies accorded by U.S. Copyright law to a copyright owner." The remaining allegations in Paragraph 27 are legal conclusions to which no response is required.

28. Paragraph 28 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife lacks knowledge or information

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

sufficient to form a belief about the truth of the remaining allegations in paragraph 28 of the Complaint, and on that basis denies the same.

29. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint, and on that basis denies the same.

30. Paragraph 30 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 30 of the Complaint, and on that basis denies the same.

31. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint, and on that basis denies the same.

32. Paragraph 32 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32 of the Complaint, and on that basis denies the same.

33. Paragraph 33 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33 of the Complaint, and on that basis denies the same.

34. Paragraph 34 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34 of the Complaint, and on that basis denies the same.

35. Paragraph 35 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife admits that the cited document is available at the U.S. Copyright Office website www.copyright.gov but denies any remaining allegations in Paragraph 35 of the Complaint.

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

36. Paragraph 36 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36 of the Complaint, and on that basis denies the same.

37. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint, and on that basis denies the same.

38. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint, and on that basis denies the same.

39. Faithlife denies the allegation that copyright to *Fundamentals* was restored on January 1, 1996, under the URAA to Mercier Press. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39 of the Complaint, and on that basis denies the same.

40. Paragraph 40 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the remaining allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 41 of the Complaint, and on that basis denies the same.

42. Paragraph 42 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife admits the cited document is publicly available at the U.S. Copyright Office website www.copyright.gov but denies any remaining allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife lacks knowledge or information

/ / /

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

sufficient to form a belief about the truth of the remaining allegations in Paragraph 43 of the Complaint, and on that basis denies the same.

44. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint, and on that basis denies the same.

45. Faithlife admits that it previously published the 1955 work *Fundamentals* between approximately 2011 and 2013, but denies the remaining allegations in Paragraph 45 of the Complaint.

46. Faithlife admits the allegations in Paragraph 46 of the Complaint.

47. Faithlife admits the allegations in Paragraph 47 of the Complaint.

48. Faithlife denies the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife admits the remaining allegations in Paragraph 49 of the Complaint.

50. Paragraph 50 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife admits that its former employee Craig St. Clair made the forum post cited in Paragraph 50 of the Complaint. Faithlife denies any remaining allegations in Paragraph 50 of the Complaint.

51. Paragraph 51 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife admits that it made the forum post cited in Paragraph 51 but denies any remaining allegations.

52. Faithlife denies the allegations in paragraph 52 of the Complaint.

53. Paragraph 53 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the allegations in paragraph 53 of the Complaint to the extent they are inconsistent with the document cited.

54. Paragraph 54 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife lacks knowledge or information

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

sufficient to form a belief about the truth of the remaining allegations in Paragraph 54 of the Complaint, and on that basis denies the same.

55. Faithlife admits that it ceased publishing *Fundamentals* no later than June 26, 2019. Paragraph 55 otherwise purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the remaining allegations in Paragraph 55 of the Complaint.

56. Paragraph 56 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the allegations in Paragraph 56 of the Complaint to the extent they are inconsistent with the document cited.

57. Faithlife denies the allegations in Paragraph 57 of the Complaint.

58. Paragraph 58 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 58 of the Complaint, and on that basis denies the same.

59. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint.

60. Faithlife denies that it infringed any copyright. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60 of the Complaint, and on that basis denies the same.

61. Faithlife denies that it infringed any copyright. Faithlife admits that Plaintiff contacted Faithlife on December 20, 2019. Faithlife denies any remaining allegations in Paragraph 61 of the Complaint.

62. Paragraph 62 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife admits that it made *Fundamentals* available for sale on its website for a very limited period of time. Faithlife denies the remaining

/ / /

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

allegations in Paragraph 62 of the Complaint to the extent they are inconsistent with the document cited.

63. Faithlife admits to arranging a conference call with Plaintiff on January 13, 2019, at 9:00 am to discuss Plaintiff's allegations. Faithlife denies the remaining allegations in Paragraph 63 of the Complaint.

64. Paragraph 64 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the remaining allegations in Paragraph 64 to the extent they are inconsistent with the cited document.

65. Paragraph 65 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the remaining allegations in Paragraph 65 of the Complaint to the extent they are inconsistent with the cited document.

66. Paragraph 66 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies that the quoted statement is an admission of copyright infringement and any other remaining allegations in Paragraph 66 to the extent they are inconsistent with the cited document.

67. Faithlife admits the allegations in Paragraph 67 of the Complaint.

68. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint, and on that basis denies the same.

69. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint, and on that basis denies the same.

70. Paragraph 70 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the allegations in Paragraph 70 of the Complaint to the extent they are inconsistent with the cited document.

71. Paragraph 71 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife admits the remaining allegations in Paragraph 71 of the Complaint.

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

72. Faithlife admits the allegations in Paragraph 72 of the Complaint.

73. Paragraph 73 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the allegations in paragraph 73 of the Complaint to the extent they are inconsistent with the cited document.

74. Faithlife denies the allegations in Paragraph 74 of the Complaint.

75. Faithlife denies the allegations in Paragraph 75 of the Complaint.

76. Faithlife denies the allegations in Paragraph 76 of the Complaint.

77. Faithlife denies the allegations in Paragraph 77 of the Complaint.

78. Faithlife denies the allegations in Paragraph 78 of the Complaint.

79. Faithlife admits that it sold 75 copies of the 1955 work *Fundamentals* resulting in a total revenue of $387.97. Faithlife denies the remaining allegations in Paragraph 79 of the Complaint.

80. Faithlife admits it derived $387.97 in revenue from selling copies of *Fundamentals*. Faithlife denies the remaining allegations in Paragraph 80 of the Complaint.

81. Paragraph 81 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife admits it did not contact Plaintiff after June 26, 2019, until Plaintiff contacted Defendant in December 2019. Faithlife denies the remaining allegations in Paragraph 81 of the Complaint.

82. Faithlife denies the allegations in Paragraph 82 of the Complaint.

83. Paragraph 83 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife admits the remaining allegations in Paragraph 83 of the Complaint.

84. Paragraph 84 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife admits that it made posts in its online forum regarding the Knox Bible but denies the remaining allegations in Paragraph 84 of the Complaint to the extent they are inconsistent with the cited document.

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

85. Paragraph 85 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the allegations in Paragraph 85 to the extent they are inconsistent with the cited document.

86. Paragraph 86 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the allegations in Paragraph 86 of the Complaint to the extent they are inconsistent with the cited document.

87. Paragraph 87 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife admits that it made a post regarding Divine Intimacy but denies the remaining allegations in Paragraph 87 of the Complaint to the extent it is inconsistent with the cited document.

88. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 88 of the Complaint, and on that basis denies the same.

89. Faithlife denies the allegations in Paragraph 89 of the Complaint.

**FIRST CLAIM FOR RELIEF**

90. Faithlife repeats and incorporates by reference herein its responses to paragraphs 1–89 as set forth above.

91. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 of the Complaint, and on that basis denies the same.

92. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 of the Complaint, and on that basis denies the same.

93. Faithlife denies the allegations in Paragraph 93 of the Complaint.

94. Faithlife admits that Plaintiff and Defendant executed a "Mutual Release and Settlement Agreement" in 2015. Faithlife denies the remaining allegations in Paragraph 94 of the Complaint.

95. Faithlife denies the allegations in Paragraph 95 of the Complaint.

96. Faithlife denies the allegations in Paragraph 96 of the Complaint.

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

97. Faithlife denies the allegations in Paragraph 97 of the Complaint.

98. Faithlife denies the allegations in Paragraph 98 of the Complaint.

99. Faithlife denies the allegations in Paragraph 99 of the Complaint.

100. Faithlife denies the allegations in Paragraph 100 of the Complaint.

101. Faithlife denies the allegations in Paragraph 101 of the Complaint.

102. Faithlife denies the allegations in Paragraph 102 of the Complaint.

## SECOND CLAIM FOR RELIEF

103. Faithlife repeats and incorporates by reference herein its responses to Paragraphs 1–102 as set forth above.

104. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 of the Complaint, and on that basis denies the same.

105. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 of the Complaint, and on that basis denies the same.

106. Faithlife denies the allegations in Paragraph 106 of the Complaint.

107. Faithlife admits that it executed a Mutual Release and Settlement Agreement with Plaintiff on January 29, 2015 but denies the remaining allegations in Paragraph 107 of the Complaint.

108. Faithlife denies the allegations in Paragraph 108 of the Complaint.

109. Faithlife admits that it sold 75 copies of the 1955 work *Fundamentals* resulting in a total revenue of $387.97. Faithlife denies the remaining allegations in Paragraph 109 of the Complaint.

110. Faithlife denies the allegations in Paragraph 110 of the Complaint.

111. Faithlife denies the allegations in Paragraph 111 of the Complaint.

112. Faithlife denies the allegations in Paragraph 112 of the Complaint.

113. Faithlife admits that it sold 75 copies of the 1955 work *Fundamentals* resulting in a total revenue of $387.97. Faithlife denies the allegations in Paragraph 113 of the Complaint.

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 11

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

114. Faithlife denies the allegations in Paragraph 114 of the Complaint.

115. Faithlife denies the allegations in Paragraph 115 of the Complaint.

### THIRD CLAIM FOR RELIEF

116. Faithlife repeats and incorporates by reference herein its responses to Paragraphs 1–115 as set forth above.

117. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 of the Complaint, and on that basis denies the same.

118. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 of the Complaint, and on that basis denies the same.

119. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119 of the Complaint, and on that basis denies the same.

120. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120 of the Complaint, and on that basis denies the same.

121. Faithlife denies the allegations in Paragraph 121 of the Complaint.

122. Paragraph 122 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the remaining allegations in Paragraph 122 of the Complaint.

123. Faithlife denies the allegations in Paragraph 123 of the Complaint.

124. Faithlife denies the allegations in Paragraph 124 of the Complaint.

125. Faithlife denies the allegations in Paragraph 125 of the Complaint.

126. Faithlife denies the allegations in Paragraph 126 of the Complaint.

127. Faithlife denies the allegations in Paragraph 127 of the Complaint.

128. Faithlife denies the allegations in Paragraph 128 of the Complaint.

129. Faithlife denies the allegations in Paragraph 129 of the Complaint.

130. Faithlife denies the allegations in Paragraph 130 of the Complaint.

131. Faithlife denies the allegations in Paragraph 131 of the Complaint.

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 12

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

132. Faithlife denies the allegations in Paragraph 132 of the Complaint.

**FOURTH CLAIM FOR RELIEF**

133. Faithlife repeats and incorporates by reference herein its responses to Paragraphs 1–132 as set forth above.

134. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134 of the Complaint, and on that basis denies the same.

135. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135 of the Complaint, and on that basis denies the same.

136. Faithlife lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136 of the Complaint, and on that basis denies the same.

137. Faithlife admits that it published the 1955 work *Fundamentals* and that the digital copy of the work contained the same copyright information displayed on the hard copy book, identifying the 1957 publication by Herder. Faithlife otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 137 of the Complaint, and on that basis denies the same.

138. Faithlife denies the allegations in Paragraph 138 of the Complaint.

139. Paragraph 139 purports to characterize the document cited, which speaks for itself and provides the best evidence of its contents. Faithlife denies the remaining allegations in Paragraph 139 of the Complaint.

140. Faithlife denies the allegations in Paragraph 140 of the Complaint.

141. Faithlife denies the allegations in Paragraph 141 of the Complaint.

142. Faithlife denies the allegations in Paragraph 142 of the Complaint.

143. Faithlife denies the allegations in Paragraph 143 of the Complaint.

144. Faithlife denies the allegations in Paragraph 144 of the Complaint.

145. Faithlife denies the allegations in Paragraph 145 of the Complaint.

146. Faithlife denies the allegations in Paragraph 146 of the Complaint.

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 13

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

147. Faithlife denies the allegations in Paragraph 147 of the Complaint.

148. Faithlife denies the allegations in Paragraph 148 of the Complaint.

149. Faithlife denies the allegations in Paragraph 149 of the Complaint.

## PRAYER FOR RELIEF; JURY DEMAND

Faithlife denies that Plaintiff is entitled to the relief requested in any of Paragraphs 1 through 11 of its prayer for relief.

## AFFIRMATIVE DEFENSES

Faithlife alleges and asserts the following affirmative defense in response to Plaintiff's claims, without assuming any burden that it would not otherwise bear. Faithlife reserves the right to assert additional defenses or counterclaims that become known through the course of this action.

## FIRST DEFENSE

Plaintiff's Complaint fails to state any claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Faithlife has not infringed (including, *inter alia*, directly, indirectly, contributorily, or vicariously) any copyrighted work with respect to which Plaintiff owns protectable and enforceable rights.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged loss, injury, and/or damages were not caused by any action of Faithlife.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands or copyright misuse.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Faithlife's alleged actions were innocent and non-willful.

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 14

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Baronius lacks ownership of a valid U.S. Copyright Registration covering any work with respect to which Baronius alleges copyright infringement by Faithlife.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's allegedly-infringed copyrighted works are in the public domain and thus not subject to copyright protection.

### EIGHTH DEFENSE

Plaintiff fails to allege and/or cannot prove facts sufficient to demonstrate that an award of Plaintiff's attorneys' fees is warranted.

### NINTH DEFENSE

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### TENTH DEFENSE

Under 17 U.S.C. § 507(b), Plaintiff's claims are barred by the statute of limitations. Plaintiff's claims (if any) accrued more than three years before suit was filed because Plaintiff either knew or should have known of Faithlife's publication of the 1955 work *Fundamentals* more than three years before this lawsuit was filed.

WHEREFORE, defendant Faithlife respectfully requests that the Court:

A. Enter judgment in Faithlife's favor on each of Plaintiff's claims, dismissing the claims with prejudice;

B. Award Faithlife its reasonable costs and fees, including attorneys' fees pursuant to 17 U.S.C. § 505;

C. Grant Faithlife such other and further relief as the Court may deem just and proper.

/ / /

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 15

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Faithlife demands a trial by jury on all issues triable by a jury.

DATED this 14th day of February, 2024

        K&L GATES LLP

By: *s/ Nicholas F. Lenning*
  Nicholas F. Lenning, WSBA # 54740

By: *s/ Mark H. Wittow*
  Mark H. Wittow, WSBA # 18280

By: *s/ Ashley E.M. Gammell*
  Ashley E.M. Gammell, WSBA # 50123

By: *s/ Abraham Weill*
  Abraham Weill, WSBA # 58663

925 Fourth Avenue
Suite 2900
Seattle, Washington  98104-1158
Tel: +1 206 623 7580
Fax: +1 206 623 7022
Email: Nicholas.Lenning@klgates.com
   Mark.wittow@klgates.com
   Ashley.Gammell@klgates.com
   Abe.Weill@klgates.com

Attorneys for Defendant
FAITHLIFE, LLC

507430939.3
FAITHLIFE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NUMBER 2:22-CV-01635-TL - 16

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022