# EXHIBIT 3





United States Copyright Office

# Copyright in Derivative Works and Compilations

A derivative work is a work based on or derived from one or more already existing works. Common derivative works include translations, musical arrangements, motion picture versions of literary material or plays, art reproductions, abridgments, and condensations of preexisting works. Another common type of derivative work is a "new edition" of a preexisting work in which the editorial revisions, annotations, elaborations, or other modifications represent, as a whole, an original work.

To be copyrightable, a derivative work must incorporate some or all of a preexisting "work" and add new original copyrightable authorship to that work. The derivative work right is often referred to as the adaptation right. The following are examples of the many different types of derivative works:

- A motion picture based on a play or novel
- A translation of an novel written in English into another language
- A revision of a previously published book
- A sculpture based on a drawing
- A drawing based on a photograph
- A lithograph based on a painting
- A drama about John Doe based on the letters and journal entries of John Doe
- A musical arrangement of a preexisting musical work
- A new version of an existing computer program
- An adaptation of a dramatic work
- A revision of a website

## Compilations

Compilations of data or compilations of preexisting works (also known as "collective works") may also be copyrightable if the materials are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes a new work. When the collecting of the preexisting material that makes up the compilation is a purely mechanical task with no element of original selection, coordination, or arrangement, such as a white-pages telephone directory, copyright protection for the compilation is not available. Some examples of compilations that may be copyrightable are:

- A directory of the best services in a geographic region
- A list of the best short stories of 2011
- A collection of sound recordings of the top hits of 2004
- A book of greatest news photos
- A website containing text, photos, and graphics

*The Office's policies and practices for the registration of derivative works and compilations have been superseded by the* Compendium of U.S. Copyright Office Practices (Third Edition). *For more information, see https://copyright.gov/comp3.*

14.0720

- An academic journal containing articles on a particular topic
- A newspaper comprised of articles by different journalists
- A catalog comprised of text and photographs

In the above examples, original authorship may be involved in deciding which were the best stories, the biggest hits, greatest photos, the appropriate article for the serial, and in what order to present the respective works within the compilation.

## Copyright Protection in Derivative Works

The copyright in a derivative work covers only the additions, changes, or other new material appearing for the first time in the work. Protection does not extend to any preexisting material, that is, previously published or previously registered works or works in the public domain or owned by a third party.

As a result, it is not possible to extend the length of protection for a copyrighted work by creating a derivative work. A work that has fallen into the public domain, that is, a work that is no longer protected by copyright, is also an underlying "work" from which derivative authorship may be added, but the copyright in the derivative work will not extend to the public domain material, and the use of the public domain material in a derivative work will not prevent anyone else from using the same public domain work for another derivative work.

## Copyright Protection in Compilations and Collective Works

The copyright in a compilation of data extends only to the selection, coordination or arrangement of the materials or data, but not to the data itself. In the case of a collective work containing "preexisting works"—works that were previously published, previously registered, or in the public domain—the registration will only extend to the selection, coordination or arrangement of those works, not to the preexisting works themselves. If the works included in a collective work were not preexisting—not previously published, registered, or in the public domain or owned by a third party—the registration may extend to those works in which the author of the collective work owns or has obtained all rights.

## Right to Prepare Derivative Works

Only the owner of copyright in a work has the right to prepare, or to authorize someone else to create, an adaptation of that work. The owner of a copyright is generally the author or someone who has obtained the exclusive rights from the author. In any case where a copyrighted work is used without the permission of the copyright owner, copyright protection will not extend to any part of the work in which such material has been used unlawfully. The unauthorized adaptation of a work may constitute copyright infringement.

## Notice of Copyright

Before March 1, 1989, the use of copyright notice was mandatory on all published works, and any work first published before that date should have carried a notice. For works published on or after March 1, 1989, use of copyright notice is optional.

Although not required by law, it is perfectly acceptable (and often helpful) for a work to contain a notice for the original material as well as for the new material. For example, if a previously registered book contains only a new introduction, the notice might be © 1941 John Doe; introduction © 2008 Mary Smith. For information about copyright notice, see Circular 3, *Copyright Notice*.

In addition, anyone interested in identifying a copyright owner of a preexisting work can search the online or physical records of the Copyright Office, or request the Office to conduct a search of its records for an hourly fee. For details, see Circular 22, *How to Investigate the Copyright Status of a Work*.

## Copyright Registration of Derivative Works and Compilations

To register copyright claims in derivative works and compilations, information will be required regarding previous registrations of preexisting material, limitations of the claim, the material excluded, and a description of the new material added to the derivative work or compilation.

Unfortunately, registration is often delayed because of mistakes or omissions in completing copyright applications. The following points should be helpful for those registering derivative works. The categories specified appear on copyright applications.

**Author** · Name the author or authors of the copyrightable material being claimed. Ordinarily, the author is the person

The Office's policies and practices for the registration of derivative works and compilations have been superseded by the *Compendium of U.S. Copyright Office Practices (Third Edition)*. For more information, see https://copyright.gov/comp3.

who actually created the work. Where the work or any contribution to it is a work made for hire, the employer is considered the author. Do not name the author of previously published or registered work(s) or public-domain material incorporated into the derivative work unless that person is also the author of the new material. The application should name only the author(s) of the new material in which copyright is claimed.

**Author Created** · Specify what the author(s) created. Examples include "text," "translation," "music," "lyrics," "musical arrangement," "photographs," "artwork," "compilation."

**Copyright claimant** · The copyright claimant is either the author of the work or a person or organization who has obtained from the author all the rights the author initially owned. When the claimant named is not the author, a brief transfer statement is required to show how the claimant acquired the copyright. Examples are "by written agreement" and "by inheritance." Do not send copies of documents of transfer with the application.

When the name of the claimant is not the name of the author, but the two names identify one person, the relationship between the names should be explained. Examples are "Doe Publishing Company, solely owned by John Doe" or "John Doe doing business as Doe Recording Company."

**Year of Completion** · The year of completion is the year in which the completed new work—the particular version for which registration is sought—was fixed in a copy or phonorecord for the first time, even if other versions exist or if further changes or additions are planned. Do not confuse completion with publication.

**Publication** · Copyright law defines "publication" as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication. A public performance or display of a work does not of itself constitute publication."

The following do not constitute publication: performing the work, preparing phonorecords, or sending the work to the Copyright Office.

The date of publication is the month, day, and year when the work for which registration is sought was first published. If the work has not been published, no date of publication should be given on the application.

Where someone, for example, an owner of an individual exclusive right or an agent of an author or owner, who is not a claimant (author or owner of all rights) is filing an application for a work that has never been registered, the applicant should list the author or owner of all rights as the claimant. The applicant can then explain their relationship to or interest in the copyright in the certification section of the application.

**Previous registration** · If no registration has been made for this version or an earlier version of this work, leave this portion of the application blank.

If a previous registration for this work or another version of it was completed and a certificate of registration was issued, give the requested information about the previous registration, if known.

**Limitation of claim** · Complete this portion of the application if the work being registered contains an *appreciable* amount of material that

- was previously published,
- was previously registered in the U.S. Copyright Office,
- is in the public domain, or
- is owned by a third party.

**Material excluded** · In this portion of the application, give a brief identification of any preexisting work or works that the work is based on or incorporates.

**New material included** · Briefly, in general terms, describe all new copyrightable authorship covered by the copyright claim for which registration is sought. See examples below. All elements of authorship described in "author created" should be accounted for in "new material included."

If the claim is in the compilation only, state "compilation." If the claim is in the compilation and new material, identify both, such as "compilation and forward" or "compilation of photographs, additional photography, and forward."

Examples for "Material Excluded" and "New Material Included" entries for derivative works:

- Motion picture based on the novel *Little Women*
  Material Excluded:         Text
  New Material Included:     Entire motion picture

- New arrangement of preexisting music for piano
  Material Excluded:         Music
  New Material Included:     Musical arrangement

---

**The Office's policies and practices for the registration of derivative works and compilations have been superseded by the *Compendium of U.S. Copyright Office Practices (Third Edition)*. For more information, see https://copyright.gov/comp3.**

- Two-act play expanded to a three-act play
    Material Excluded:          Preexisting text
    New Material Included:      Text of third act
- Revision of a catalog that adds new text and photographs
    Material Excluded:          Text, photographs
    New Material Included:      Text, Photographs

## For Further Information

### By Internet

Circulars, announcements, regulations, application forms, and other related materials are available from the Copyright Office website at *www.copyright.gov*. To send an email communication, click on *Contact Us* at the bottom of the homepage.

### By Telephone

For general information about copyright, call the Copyright Public Information Office at (202) 707-3000 or 1-877-476-0778 (toll free). Staff members are on duty from 8:30 AM to 5:00 PM, Monday through Friday, eastern time, except federal holidays. Recorded information is available 24 hours a day. To request paper application forms or circulars, call the Forms and Publications Hotline at (202) 707-9100 and leave a recorded message.

### By Regular Mail

Write to:

*Library of Congress*
*Copyright Office–COPUBS*
*101 Independence Avenue SE*
*Washington, DC 20559*

**The Office's policies and practices for the registration of derivative works and compilations have been superseded by the *Compendium of U.S. Copyright Office Practices (Third Edition)*. For more information, see https://copyright.gov/comp3.**