1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARONIUS PRESS LTD,

               Plaintiff,

   v.

FAITHLIFE CORPORATION,

               Defendant.

CASE NO. 2:22-cv-01635-TL

ORDER ON MOTION FOR
RECONSIDERATION

     This case involves claims of copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202 et seq. The matter is before the Court on Plaintiff's Motion to Reconsider, Alter and/or Amend the Order Denying Defendant's Motion to Dismiss. Dkt. No. 68. For the reasons stated herein, the Court DENIES Plaintiff's motion for reconsideration.

### I.     RELEVANT BACKGROUND

     Plaintiff Baronius Press Ltd. ("Baronius") is seeking reconsideration of the Court's Order on Defendant's motion to dismiss Plaintiff's Second Amended Verified Complaint. Dkt. No. 68

at 1; *see also* Dkt. No. 48 (Second Amended Verified Complaint ("SAVC")); Dkt. No. 63 (the "Order"). The Court has previously outlined pertinent factual allegations from the SAVC, which it accepts as true as required at the motion to dismiss stage. *See* Dkt. No. 63 at 2–4. This case centers on Baronius's attempted enforcement of copyright ownership and related rights in three written works: (1) a German-language religious text entitled *Grundriss der katholischen Dogmatik* by Ludwig Ott (hereinafter "Grundriss"), originally published in 1952; (2) an English-language translation of that work called *Fundamentals of Catholic Dogma* authored by Dr. Patrick Lynch (hereinafter "Lynch Translation"), originally published in 1955; and (3) a revised English-language edition produced and published by Baronius in 2018, which is also entitled *Fundamentals of Catholic Dogma* (hereinafter "Baronius Edition").[1] Dkt. No. 48 ¶¶ 28, 33, 36, 44. In the SAVC, Plaintiff raises four causes of action, which can generally be summarized as:

> (1) infringement of Baronious's alleged ownership rights to Grundriss and the Baronius Edition arising from its contractual relationship with publisher Nova & Vetera e.K. ("Nova");
>
> (2) infringement of Baronius's alleged ownership rights to the Lynch Translation arising from an assignment of copyright it received from Irish publisher Mercier Press;
>
> (3) violation of the DMCA related to the former infringement, and

---

[1] As in its previous Order—*see* Dkt. No. 63 at 2–3 (defining the works as: (1) "Grundriss" for the original German work, (2) "Lynch Translation" for the English version originally published in 1955, and (3) "Revised Edition" for the English version produced and published by Baronius in 2018)—the Court again adopts here a labeling scheme intended to promote clarity regarding the specific works at issue. The Court rejects Plaintiff's argument that its ambiguous labeling scheme in the SAVC regarding the works at issue in this case warrants reconsideration of the Court's legal conclusions regarding Baronius's scope of ownership rights. *See* Dkt. No. 68 at 9–12. Plaintiff provides no legal support for its claim of overlapping ownership rights to Grundriss and all English-language derivatives arising from its contract with Nova, and at this stage of the litigation the Court need not accept Plaintiff's asserted legal conclusion of ownership as true. *See* Dkt. No. 63 at 4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), for the well settled proposition that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

1        (4) violation of the DMCA related to the latter infringement.

2  *See* Dkt. No. 48 ¶¶ 90–149.

3        While all of Plaintiff's causes of action survived the motion to dismiss, in its Order the

4  Court identified certain ambiguities and inconsistencies in Plaintiff's pleadings and reached

5  certain legal conclusions based on the facts as alleged, which limit the scope of Plaintiff's legal

6  claims. *See* Dkt. No. 63 at 6–9. Specifically, regarding its first cause of action, the Court found

7  that Plaintiff failed to allege sufficient facts to assert any enforceable ownership rights in the

8  original German-language work, Grundriss, and is instead limited to pursuing its claim based on

9  an exclusive license to produce and publish a new revised English-language translation, the

10  Baronius Edition. *Id.* Further, the Court acknowledged Defendant's admission that it had

11  impermissibly published copies of the Lynch Translation but did not publish any other version,

12  noting that the first cause of action survives only because Baronius included allegations in the

13  SAVC which could be read as alleging "upon information and belief" that Defendant's actions

14  also involved publishing the Baronius Edition. *Id.* at 8–9. In its motion for reconsideration,

15  Plaintiff takes issue with the Court's conclusions and asks the Court to amend its Order. Dkt.

16  No. 68 at 5–13.

17               **II.    LEGAL STANDARD**

18        As an initial matter, Plaintiff asserts that its motion arises under Federal Rules of Civil

19  Procedure 59(e) and 60(b). Dkt. No. 68 at 2–3. Otherwise, the Court's authority to reconsider the

20  Order arises from its inherent authority as regulated by this district's Local Civil Rule 7(h).

21  **A.    Rules 59 and 60**

22        The Court's Order denying Defendant's motion to dismiss is an interlocutory order and is

23  not amenable to reconsideration under Rules 59(e) or 60(b), which govern when a Court can

24  modify or amend judgments and final orders. Fed. R. Civ. P. 59(e), 60(b); *see also City of Los*

1   *Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885–87 (9th Cir. 2001)

2   (holding that the authority to reconsider interlocutory orders generally arises under a Court's

3   inherent authority, not under the Federal Rules of Civil Procedure); *Tofsrud v. Potter*, No. CV10-

4   90, 2010 WL 3938173, at *1 (E.D. Wash. Oct. 5, 2010) (finding that "reconsideration of

5   interlocutory orders, such as an order granting a partial motion to dismiss. . . . derives from the

6   common law, and is not limited by the provisions of the Federal Rules of Civil Procedure");

7   *accord United States v. Jerry,* 487 F.2d 600, 604 (3d Cir. 1973); *Melancon v. Texaco, Inc.*, 659

8   F.2d 551, 553 (5th Cir. 1981); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th

9   Cir.2000) (stating that when a district court issues "an interlocutory order, the district court has

10  plenary power over it and this power to reconsider, revise, alter or amend the interlocutory order

11  is not subject to the limitations of Rule 59"); *High Country Arts and Craft Guild v. Hartford Fire*

12  *Ins. Co.*, 126 F.3d 629, 635 (4th Cir.1997) (same); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122

13  n.1 (10th Cir.1991) (same).

14          Plaintiff argues that the Federal Rules of Civil Procedure nonetheless govern its motion

15  because Defendant interprets the Court's Order as a final judgment regarding Plaintiff's first

16  (and interdependent third) cause of action. Dkt. No. 68 at 4. Defendant's interpretation of the

17  Court's Order does not change its interlocutory nature: no final judgment has been entered, all of

18  Plaintiff's claims survived the motion to dismiss, and no appeal as of right may be taken from the

19  Court's Order. *See* Fed. R. Civ. P. 54(a)–(b). Plaintiff's motion is therefore governed by the

20  Court's inherent authority to reconsider interlocutory motions, consistent with this district's

21  Local Rules, and not by Federal Rules of Civil Procedure 59 or 60.

22  **B.      Motions to Reconsider per LCR 7(h)**

23          In this district, "[m]otions for reconsideration are disfavored" and must "be filed within

24  fourteen days after the order to which it relates is filed." LCR 7(h)(1)–(2). Filing an untimely

motion "may be grounds for denial." *Id.* at 7(h)(2); *see also* Judge Tana Lin, Standing Order for

All Civil Cases, Section III.A (last updated Feb. 9, 2024) ("Untimely briefs or responsive

pleadings may be summarily denied, stricken, or ignored."). Motions for reconsideration should

be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos*

*Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v.*

*Arnold*, 179 F.3d 656, 665 (9th Cir. 1999))."Whether or not to grant reconsideration is

committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands*

*of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v.*

*Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

## III.    DISCUSSION

### A.    Procedural Deficiencies

Plaintiff's motion to reconsider is both impermissibly overlength and untimely.[2] The

Court's Order for which Plaintiff seeks reconsideration was entered on January 31, 2024. Dkt.

No. 63. Plaintiff filed the instant motion on February 22, 2024 (Dkt. No. 68), more than fourteen

days after the Order to which it relates was issued (*see* LCR 7(h)(2)). Plaintiff's motion is

therefore untimely. Further, Plaintiff certifies that its motion brief "contains 4,150 words in

compliance with the Local Civil Rules." Dkt. No. 68 at 16. But motions for reconsideration are

"Same Day Motions" (LCR 7(d)(1)) and are therefore limited to 2,100 words (LCR 7(e)(1)).

Plaintiff fails to acknowledge the incorrect application of the local rules regarding the

word limit and argues that it should be excused from the LCR 7(h) time limit. The Court is

unconvinced. Plaintiff argues that its "failure to timely respond to the Order was not part of a

---

[2] Plaintiff argues that its motion is timely because it arises under Rules 59 and 60, but that argument has already been rejected. *Supra* Section II.A. The Court therefore need not address Plaintiff's arguments regarding the applicable time limits under those rules.

strategy to purposefully delay the proceedings, prejudice the Defendant, or otherwise avoid providing the Defendant with the newly discovery material evidence . . . . [t]here was no ulterior strategy or gamesmanship associated with the failure to respond." Dkt. No. 68 at 14–15. Instead, Plaintiff notes that it moved for reconsideration upon learning of Defendant's interpretation of the Court's Order when Defendant threatened to move for Rule 11 sanctions regarding the first and third causes of action, which occurred after the LCR 7(h) deadline had already passed. *Id.* at 15–16. The Court notes that Plaintiff provides no legal authority to support its grounds for relief from the deadline.

Plaintiff's excusable neglect argument fails because the Court's Order speaks for itself, and Plaintiff's rationale for its delay in seeking reconsideration is self-contradictory. On the one hand, if Plaintiff only now recognizes that Defendant's understanding might be correct, its failure to apprehend the potential consequences of the Court's Order does not excuse its failure to timely move for reconsideration. In fact, it is unclear to this Court how Plaintiff could not have anticipated Defendant's response to the Court's Order, as the Court was very clear that Plaintiff could be held subject to Rule 11's requirement "that a representation upon 'information and belief' be 'formed after an inquiry reasonable under the circumstances' and 'will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.'" Dkt. No. 63 at 9 (quoting Fed. R. Civ. P. 11(b)). Similarly, the legal conclusions to which Plaintiff now takes issue were unambiguously stated in the Order. *See id.* at 5–9. Further, Plaintiff does not dispute the legal authority upon which the conclusions were based. Dkt. No. 68 at 6 (conceding that "Plaintiff does not dispute [the Court's] cited authority").

On the other hand, if Plaintiff truly believed that Defendant's understanding of the Court's Order might be incorrect (which is its implied justification for not seeking reconsideration in a timely fashion) then it is unclear why it would need to seek reconsideration

at all. All of Plaintiff's claims survived the motion to dismiss, as described in the Court's Order, and are subject to the full breadth of permitted discovery unless and until Defendant is granted alternate relief based on its interpretation of the Order—*e.g.*, via its threatened Rule 11 motion—the merits of which are not at issue here.

Thus, it appears that Plaintiff simply failed to consider the potential implications of the Court's Order, which is not an excuse for failing to act within the allotted time. This conclusion is only bolstered by Plaintiff's strained and legally unsupportable attempt to circumvent the LCR 7(h) time limit by casting its motion under Rules 59 and 60. *See* Dkt. No. 68 at 4; *see also supra* Section II.A.

**B.    Substantive Deficiencies**

While the Court decides this motion on narrower procedural grounds, Plaintiff's motion was unlikely to succeed on the merits. "Motions for reconsideration are disfavored." LCR 7(h). Such motions do not "provide litigants with a second bite at the apple. . . . [and] should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *Rapp v. Naphcare, Inc.*, No. C21-5800, 2023 WL 4443936, at *1 (W.D. Wash. June 23, 2023) (quoting *Gaskill v. Travelers Ins. Co.*, No. C11-5847, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012)). Contrary to Plaintiff's assertions, the Court did not simply adopt "Defendant's erroneous limitations of Plaintiff's rights." Dkt. No. 68 at 3. The Court's legal conclusions were based on Plaintiff's properly pleaded factual assertions taken as true—which do not include Plaintiff's alleged legal conclusions regarding the scope of its own ownership rights—and the Court's interpretation of the plain language in the contract documents Plaintiff chose to attach to the SAVC. *See* Dkt. No. 63 at 5–9; *see also Iqbal*, 556 U.S. at 678.

Further, Plaintiff's allegedly new evidence speaks only to the scope of Nova's ownership rights (*see* Dkt. Nos. 68-1, 68-2), the allegations of which the Court already accepted as true for

the purposes of its prior Order (*see* Dkt. No. 63 at 6 n.3). In addition, nothing in Baronius's

subsequent communications with Nova (*see* Dkt. No. 68-4) would change the Court's

conclusions, as the Copyright Act requires the transfer of exclusive rights to be reduced to a

written contract. 17 U.S.C. § 204(a); *see also Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 556

(9th Cir. 1990) ("[S]ection 204 of the Copyright Act invalidates a purported transfer of

ownership unless it is in writing."). This "common sense" requirement ensures the parties

"spell[] out the terms of [the] deal in black and white, . . . clarify their thinking and consider

problems that could potentially arise." *Effects Assocs.*, 908 F.2d at 557. Therefore, the Court

need not, and would not, look beyond the written contract itself to determine the scope of

Baronius's ownership rights.

## IV.   CONCLUSION

Consequently, the Court "may refuse to consider any text" beyond the word limit per

LCR 7(e)(6) and may find the motion's untimeliness grounds for summary denial per

LCR 7(h)(2). For these reasons, the Court DENIES Plaintiff's motion for reconsideration as

procedurally improper.

Dated this 1st day of May 2024.

Tana Lin
United States District Judge