UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARONIUS PRESS LTD,<br><br>                    Plaintiff,<br>     v.<br><br>FAITHLIFE CORPORATION,<br><br>                    Defendant. | CASE NO. 2:22-cv-01635-TL<br><br>ORDER ON RULE 11 MOTION FOR SANCTIONS |

This matter is before the Court on Defendant Faithlife Corporation's ("Faithlife") Rule 11 Motion for Sanctions. Dkt. No. 74. Having reviewed Plaintiff Baronius Press Ltd.'s ("Baronius") opposition (Dkt. No. 78), Defendant's reply (Dkt. No. 81), and the relevant record, and having held oral argument (Dkt. No. 87), the Court DENIES Defendant's motion.

I.   BACKGROUND

A.   Preliminary Note on the Works at Issue

Relevant to this motion, this case concerns claims of copyright infringement and violations of the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. §§ 1202 *et seq.*, related

to "two (2) copyright-protected works, *Grundriss der katholischen Dogmatik* ('*Grundriss*') and the English translation *Fundamentals of Catholic Dogma* ('*Fundamentals*')." Dkt. No. 48 ¶ 1. The "Title" of both the First and Third Claims for Relief in the Second Amended Verified Complaint ("SAVC") was "*Grundriss der katholischen Dogmatik*," while the substantive allegations referenced "*Grundriss English Edition.*" *See* Dkt. No. 63 at 5–6. Due to the ambiguity, the Court in its prior orders referred to three written works:

    (1) A German-language religious text titled *Grundriss der katholischen Dogmatik* by Ludwig Ott, originally published in 1952. This text is referred to in the SAVC and by the Court as "*Grundriss.*" *See* Dkt. No. 48 ¶ 1; Dkt. No. 63 at 2.

    (2) An English-language translation of *Grundriss* called *Fundamentals of Catholic Dogma* authored by Dr. Patrick Lynch, originally published in 1955. This text is referred to in the SAVC as "*Fundamentals*" (Dkt. No. 48 ¶ 1), but to avoid confusion (because Plaintiff's revised English-language edition is also entitled *Fundamentals of Catholic Dogma*), the Court refers to this text as the "*Lynch Translation*" (*see* Dkt. No. 63 at 2).

    (3) A revised English-language translation of *Grundriss* produced and published by Plaintiff in 2018, which is also entitled *Fundamentals of Catholic Dogma*. The Court refers to this text as the "*Revised Translation*" (*see* Dkt. No. 63 at 2), though the Court has also referred to this text as the "*Baronius Edition*" previously (*see* Dkt. No. 71).

In its prior orders, the Court relied on the definitions given in the SAVC. The SAVC defines the term "*Grundriss*" as the underlying German-language original work titled *Grundriss der katholischen Dogmatik*. Dkt. No. 48 ¶¶ 1, 28. The SAVC also defined the term

"*Fundamentals*" as "the English translation *Fundamentals of Catholic Dogma*" that was commissioned by Mercier Press and translated by Dr. Patrick Lynch.[1] *Id.* ¶¶ 1, 36.

With regard to the term "*Grundriss English Edition*," Plaintiff defined it in the SAVC as "*an* English-language edition of *Grundriss*." *Id.* ¶ 32 (emphasis added). The SAVC further explains the claim with regard to *Grundriss English Edition* as follows: "Plaintiff is, and has been since 2009, the exclusive licensee of the rights to reproduce, adapt *and* distribute *an* English-language edition of the German-language original work Grundriss ("*Grundriss English Edition*"). *Id.* ¶¶ 92, 118 (emphases added). Plaintiff also alleged that "[i]n 2009, Plaintiff signed an agreement with Nova and obtained the exclusive right to reproduce, adapt, and distribute *Grundriss English Edition*" (*id.* ¶ 34), citing to an exhibit that showed Plaintiff had been given three years from the date of the agreement to "prepare *an* English translation" of *Grundriss*, which it could then publish for a set number of years under specified conditions. Dkt. No. 38-3 at 13–14. In April 2018, Plaintiff published the fully revised and updated version: the *Revised Translation*. Dkt. No. 48 ¶ 44.

Other than the *Lynch Translation* and the 2018 revised and updated edition (the *Revised Translation*), no other English translation is mentioned in the SAVC. *See generally id.* In its opposition to the instant motion, Plaintiff clarifies that because both the *Lynch Translation* and the *Revised Translation* are derivatives of *Grundriss*, they both fall under the definition of *Grundriss English Edition*. Dkt. No. 78 at 3–4.

---

[1] While Plaintiff asserts in the Preliminary Statement of the SAVC that Defendant infringed the copyright of *Grundriss* between the years of 2011 and 2013 (*id.* ¶ 2), the actual allegations in the SAVC assert only an infringement of the *Lynch Translation*. *Id.* ¶ 45. Counsel for Plaintiff also confirmed at oral argument that at issue in this case is only Defendant's publication of 75 copies of the *Lynch Translation* in 2019 and the alleged false copyright management information provided in relation to the sales during 2019. *See* Dkt. No. 48 ¶¶ 2–3.

ORDER ON RULE 11 MOTION FOR SANCTIONS - 3

B.  **Brief Factual Background**

The Court assumes familiarity with the facts of this case. *See* Dkt. No. 63 at 2–4. However, the Court briefly states that in 2010, Plaintiff entered into a Copyright Assignment Agreement with Mercier Press to acquire all rights to the *Lynch Translation*. Dkt. No. 48 ¶ 40; Dkt. No. 48-4 at 8. For a short time in 2019, Defendant made the *Lynch Translation* available through its online forum. Dkt. No. 48 ¶¶ 49–55. In particular, Defendant sold 75 copies of the *Lynch Translation* between March and June 2019. *Id.* ¶ 3. Plaintiff confronted Defendant (*id.* ¶¶ 60–70), and this lawsuit followed.

C.  **Procedural Background**

Plaintiff filed its SAVC on April 20, 2023. In the SAVC, Plaintiff asserts four causes of action, which can be summarized as:

    (1) First Claim for Relief: Infringement of Plaintiff's alleged ownership rights to an English-language edition of the German-language original work *Grundriss* arising from its contractual relationship with publisher Nova & Vetera e.K. ("Nova");

    (2) Second Claim for Relief: Infringement of Plaintiff's alleged ownership rights to the *Lynch Translation* arising from an assignment of copyright it received from Irish publisher Mercier Press;

    (3) Third Claim for Relief: Violation of the DMCA related to the former infringement (of Plaintiff's alleged ownership rights to an English-language edition of the German-language original work *Grundriss*); and

    (4) Fourth Claim for Relief: Violation of the DMCA related to the latter infringement (of Plaintiff's alleged ownership rights to the *Lynch Translation*).

*See* Dkt. No. 48 ¶¶ 90–149.

1  On January 31, 2024, the Court issued an order on Defendant's Motion to Dismiss the

2 SAVC. Dkt. No. 63. In its order, the Court determined that Plaintiff had "fail[ed] to plead a

3 plausible claim for ownership of any rights in *Grundriss*." *Id.* at 6. The Court found that Plaintiff

4 "Baronius was explicitly granted an exclusive license to 'reproduce, adapt, and distribute' a

5 *translated version* of Grundriss only, *i.e.*, the *Revised Translation*." *Id.* at 7 (citing Dkt. No. 59 at

6 5; Dkt. No. 48-3 at 13–25). Nonetheless, the Court also found that because Plaintiff specifically

7 alleged that Defendant "reproduced and distributed [the *Revised Translation*], and/or a

8 substantially similar reproduction thereof," Plaintiff plausibly asserted its infringement claim

9 related to Plaintiff's exclusive license to publish the *Revised Translation*. Dkt. No. 63 at 8

10 (quoting Dkt. No. 48 ¶ 96). Because its infringement claim related to the *Revised Translation*

11 survived the motion to dismiss, so did Plaintiff's DMCA claim related to the *Revised*

12 *Translation*. *Id.* at 11–12.

13  Following the Court's order, Plaintiff moved for reconsideration. Dkt. No. 68. The Court

14 denied Plaintiff's motion, reasserting its prior holding that "Plaintiff failed to allege sufficient

15 facts to assert any enforceable ownership rights in the original German-language work,

16 *Grundriss*, and is instead limited to pursuing its claim based on an exclusive license to produce

17 and publish a new revised English-language translation, the [*Revised Translation*]." Dkt. No. 71

18 at 3.

19  On June 5, 2024, the Parties filed a joint stipulation asserting that "Plaintiff does not

20 allege that Defendant published the '*Revised Translation*.'" Dkt. No. 73.

21  Defendant brings the instant motion for sanctions, which seeks dismissal of Claims 1 and

22 3 of the SAVC. Dkt. No. 74. Defendant argues that based on the Court's prior order and the

23 Parties' stipulation, these claims "have no reasonable factual basis under Rule 11(b)(3) because

24

ORDER ON RULE 11 MOTION FOR SANCTIONS - 5

[Plaintiff] has repudiated the factual allegations that formed the sole basis for the Court denying [Defendant's] prior motion to dismiss these claims." *Id.*

## II.   LEGAL STANDARD

A court may impose sanctions on a party or its counsel by three primary means: (1) Federal Rule of Civil Procedure 11, which applies to signed, written filings; (2) 28 U.S.C. § 1927, which penalizes unreasonable and vexatious multiplicity of proceedings; and (3) the inherent power of the court. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

"Filing a complaint in federal court is no trifling undertaking." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). "An attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and 'existing law' . . . and that it is not filed for an improper purpose." *Id.* Rule 11 provides, in pertinent part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . .
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b). "The attorney has a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are 'warranted by existing law or a good faith argument for an extension, modification or reversal of existing law.'" *Christian*, 286 F.3d at 1127 (quoting *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537 (9th Cir.

ORDER ON RULE 11 MOTION FOR SANCTIONS - 6

1986)). "One of the fundamental purposes of Rule 11 is to 'reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, . . . thereby avoiding delay and unnecessary expense in litigation.'" *Id.* (cleaned up) (quoting *Golden Eagle*, 801 F.2d at 1536). A finding of significant delay or expense is not required under Rule 11. *Id.*

Under its inherent authority, a court may also impose sanctions, including attorneys' fees, for "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fink*, 239 F.3d at 991 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980)); *see also In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d at 436 (holding that a specific finding of bad faith is required to impose sanctions under a court's inherent powers).

### III. DISCUSSION

**A.     Whether Claims 1 and 3 are Legally or Factually Baseless**

**1.     Claim 1: Copyright Infringement Claim Related to *Grundriss* and *Grundriss English Edition***

Various arguments by Plaintiff as to why its claim for copyright infringement related to *Grundriss* and *Grundriss English Edition* should survive have been addressed by the Court in prior orders. Accordingly, the Court will walk through the relevant allegations, its prior orders, and Plaintiff's current argument.

**a.     *SAVC Allegations and the Court's Order on Motion to Dismiss***

The SAVC alleges in relevant part that "Plaintiff is, and has been since 2009, the exclusive licensee of the rights to reproduce, adapt and distribute an English-language edition of the German-language original work *Grundriss* ('*Grundriss English Edition*')." Dkt. No. 48 ¶ 92. The "*Grundriss English Edition*" is articulated in the SAVC as "the rights to an English-language edition of Grundriss." *Id.* ¶ 32. However, because the SAVC also appeared to allege an

ownership right to original German-language *Grundriss* work itself (*see* Dkt. No. 48 ¶ 77), the Court, in its order on the motion to dismiss, discussed Plaintiff's claim of ownership rights in *Grundriss* in connection with its first claim for copyright infringement. *See* Dkt. No. 63 at 6.

In its order, the Court found that "[p]er its agreement with Nova, Baronius describes itself as 'the exclusive licensee of the exclusive right to publish' a new English-language translation of Grundriss." Dkt. No. 63 at 7 (quoting Dkt. No. 59 at 5). The Court thus found, "Plaintiff is not the U.S. copyright holder of *Grundriss*, but instead owns an exclusive license to produce and distribute a separate translated work based upon the original"—*i.e.*, the *Revised Translation*. *Id.* Therefore, and to clear up any confusion, the Section of the Order Denying Motion to Dismiss titled "Infringement of the *Grundriss* Copyright" only refers to "the original *Grundriss* work"—*i.e.*, the German-language original work *Grundriss*. Dkt. No. 63 at 8.

Because the SAVC alleged that "Defendant willfully, intentionally and purposefully reproduced and distributed *Grundriss English Edition*, and/or a substantially similar reproduction thereof" (Dkt. No. 48 ¶ 96), the Court found that Plaintiff's first claim for copyright infringement survived the motion to dismiss. Dkt. No. 63 at 8 ("Baronius has made sufficient factual allegations of infringement of its exclusive license to publish the *Revised Translation*. Specifically, Baronius alleges that Faithlife 'reproduced and distributed [the *Revised Translation*], and/or a substantially similar reproduction thereof.'" (quoting Dkt. No. 48 ¶ 96)).

But after the Court's order, the Parties stipulated that "Plaintiff does not allege that Defendant published the '*Revised Translation*.'" Dkt. No. 73 at 2. Thus, the factual allegation on which the Court premised the survival of Plaintiff's first claim of copyright infringement—that Defendant had reproduced and distributed the *Revised Translation*—has now been repudiated by Plaintiff.

   b.  ***Plaintiff's Argument in Opposition to Sanctions***

Turning now to Plaintiff's current argument, Plaintiff attempts to relitigate the scope of its license agreement with Nova. The Court will address this argument and will then turn to an assessment of whether there is a legal or factual basis for Plaintiff's first claim.

   (1)  <u>The Scope of Plaintiff's License Agreement with Nova</u>

Plaintiff argues that the scope of its license agreement between itself and Nova provided Plaintiff with the rights to *all* English-language translations of *Grundriss*. *See* Dkt. No. 78 at 5, 8. Plaintiff contends that "Plaintiff's exclusive license with Nova provides Plaintiff with the exclusive rights to any and all English translation derivatives of *Grundriss*, including the right to police and prevent others from reproducing and coping [*sic*] any English translation of *Grundriss*, like Plaintiff is doing in this lawsuit." *Id.* at 5. The Court previously found—after reviewing the contract between Plaintiff and Nova—that Plaintiff "was explicitly granted an exclusive license to 'reproduce, adapt, and distribute' *a translated version* of *Grundriss* only, *i.e.*, the *Revised Translation*." Dkt. No. 73 at 7 (citing Dkt. No. 59 at 5; Dkt. No. 48-3 at 13–25). The Court did not find that Plaintiff was granted the rights to *all* English-language translations of *Grundriss*; it found that Plaintiff was granted the right to *an* English-language translation of *Grundriss*: the *Revised Translation*. *See id.*

However, Plaintiff never explicitly argued that its term *Grundriss English Edition* encompassed both the *Revised Translation* as well as additional English translations of *Grundriss* (including the *Lynch Translation*, which Plaintiff notably defined separately in the SAVC), or that its first and third claims were premised in part on its allegations that Defendant had published the *Lynch Translation*. The Court thus did not consider such arguments.

While Plaintiff is wrong that it would have been incorrect for the Court to determine the scope of Plaintiff's contract with Nova at the motion to dismiss stage—it is appropriate on a

ORDER ON RULE 11 MOTION FOR SANCTIONS - 9

motion to dismiss to consider documents attached to the complaint, and Plaintiff attached a translated version of its contract with Nova to the SAVC—the Court did not have the opportunity to fully hear both Parties on the issue of whether Plaintiff's contract with Nova encompassed rights to the *Lynch Translation*. *See Atkinson v. Aaron's LLC*, No. C23-1742, 2024 WL 2133358, at *4 (W.D. Wash. May 10, 2024) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003))). While Plaintiff knew that the scope of its copyright was at issue on the motion to dismiss (*see* Dkt. No. 59 at 5–6) and should have offered this argument and any relevant additional information at that stage (and arguably should have included some of the information in the SAVC), this does not appear to be an oversight made in bad faith. *See Warren v. Fox Family Worldwide*, 171 F. Supp. 2d 1057, 1064 (C.D. Cal. 2001) (noting that plaintiff could have proffered evidence supporting his interpretation of the contract); *Arrow Electronics, Inc. v. E.ON AG*, Nos. C05-2388, C05-5154, 2006 WL 8450450, at *7 n.5 (C.D. Cal. Sept. 5, 2006) (interpreting contract with German choice-of-law provision where parties had "not pointed to any doctrine or provision of German contract law that would require a different interpretation").

    (2) <u>Whether Claim 1 is Legally or Factually Baseless Following the Parties' Stipulation</u>

In light of its prior holdings and the Parties' stipulation, the Court must now determine if there remains any basis for Plaintiff's first claim.

In the SAVC, Plaintiff defined the term "*Grundriss English Edition*" as "an English-language edition of the German-language original work *Grundriss*" to which Plaintiff had been granted the exclusive license to reproduce, adapt, and distribute. Dkt. No. 48 ¶ 92. The Court

1  previously understood that, under the definition in Paragraph 92 of the SAVC, "*Grundriss*

2  *English Edition*" held the same definition as "the *Revised Translation*" as the term was used in

3  the Court's orders. *Compare id.*, *with* Dkt. No. 63 at 3 ("Nova then contracted with Baronius to

4  prepare and publish a newly revised English-language edition ('*Revised Translation*'), which

5  was eventually published in 2018."). While Plaintiff's use of a singular term ("an . . . edition")

6  for what the Court now understands to capture multiple English translations of *Grundriss* is, to

7  say the least, a confusing choice on Plaintiff's part, the Court now understands the breadth of

8  Plaintiff's term to be broader than originally understood.

9      Plaintiff alleged that Defendant "willfully, intentionally and purposefully reproduced and

10  distributed *Grundriss English Edition*, and/or a substantially similar reproduction thereof, in the

11  U.S. in electronic/digital format . . . in violation of Section 501 of the Copyright Act" in support

12  of its first claim for relief. *Id.* ¶ 96. Plaintiff argues that "[b]ecause both 'the *Lynch Translation*'

13  and 'the *Revised Translation*' are derivatives of *Grundriss*, they both fall under the definition of

14  *Grundriss English Edition*." Dkt. No. 78 ay 6. Although the Court again notes that the

15  terminology in Plaintiff's original complaint does not clearly allege that this claim is premised on

16  Defendant's publication of the *Lynch Translation*, it also does not explicitly exclude the *Lynch*

17  *Translation* from this claim.

18      Further, Defendant may be successful on a motion for summary judgment on Plaintiff's

19  first and third claims. On a motion for sanctions, however, the Court only looks to whether *any*

20  legal or factual basis exists to maintain the claim. The Court finds that there does appear to be a

21  factual basis to maintain Plaintiff's first and third claims on the grounds that Defendant

22  published the *Lynch Translation*—even though Plaintiff did not clearly allege such grounds in its

23  complaint, in opposition to Defendant's motion to dismiss, or on its own motion for

24

reconsideration, and it is unclear what, if any, additional remedy Plaintiff may gain from these claims.

### 2. Claim 3: DMCA Claim Related to *Grundriss English Edition*

Because Plaintiff's DMCA claim is premised by its claim of copyright infringement of Plaintiff's license to the *Grundriss English Edition*, *see* 17 U.S.C. § 1203(a), its DMCA claim related to *Grundriss English Edition* also survives.

### IV. CONCLUSION

Accordingly, the Court DENIES Defendant's motion for sanctions.

Dated this 4th day of February 2025.

Tana Lin
United States District Judge